[No. 4137.]

## JOHN HIGGINS v. DAVID MAHONEY ET AL.

BILL OF EXCEPTIONS.—If a bill of exceptions is presented for settlement more than thirty days after the judgment is rendered, and the opposite party objects to it because too late, the court must incorporate into it a clause showing an extension of time as an excuse for the delay, or the bill cannot be considered by the appellate court, even if settled.

DISMISSAL OF ACTION.—If an action is improperly dismissed by the plaintiff, the remedy of the defendant is by appeal from the judgment, and not by motion to set aside the judgment of dismissal.

IDEM.—If the plaintiff moves to dismiss the action, it is the duty of the counsel for the defendant, if he relies on a stipulation of the plaintiff as precluding a motion to dismiss, to bring forward the stipulation, or ask for delay to produce it. He cannot remain silent, and afterwards attack the judgment of dismissal.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Action for the partition of the rancho Laguna de Merced, lying partly in the city and county of San Francisco, and partly in the county of San Mateo. The action was commenced in 1868. There were a large number of defendants, who were alleged to own interests in the rancho. Among the defendants were E. Grisar and Daniel Green, who alone answered. It does not appear that summons had been served on any of the defendants. One of the defendants, Josefa de Haro Denniston, moved the court for leave to make further service of the summons on the ground that, since the commencement of the action, circumstances had occurred which made the plaintiff unwilling to proceed with the action. At the hearing of this motion, the attorney for the plaintiff moved to dismiss the action. The attorney for Grisar and Green was present when the motions were heard, and supported the motion of Mrs. Denniston's attorney. Some of the defendants supported the motion to dismiss. The court denied it, and granted the motion

of the plaintiff's counsel to dismiss. Afterwards, on the 8th day of August, 1873, Grisar and Green, by their attorney, moved the court to set aside the order dismissing the action, on the ground, stated in an affidavit, that their attorney had no notice of the motion to dismiss, and that the dismissal was in contravention of the spirit of a stipulation theretofore made in the cause by the attorney for the plaintiff, and that, at the time the stipulation was made, Grisar had a suit pending for a partition of the same rancho, which he dismissed at the plaintiff's request in consideration of the stipulation being given. The court denied the motion to set aside the judgment of dismissal. The defendants presented a bill of exceptions relating to the dismissal of the action, which bill is spoken of in the opinion as having been settled too late. The defendants Grisar and Green appealed from the judgment of dismissal and from the order refusing to vacate the judgment of dismissal.

The other facts are stated in the opinion.

*B. S. Brooks*, for the Appellant.

*W. W. Cope, J. B. Felton, S. A. Sharp, W. H. Patterson, S. M. Wilson and E. R. Carpentier*, for the Respondents.

By the Court, WALLACE, C. J.:

1. The judgment dismissing the action was entered April 22, 1873. No bill of exceptions was presented to the judge of the court below at that time, as provided by section 649 of the Code of Civil Procedure, nor within thirty days thereafter, as provided by section 650.

The bill of exceptions in support of the appeal from the judgment was presented and settled June 2, 1873—some of the respondents "objecting on the ground that the same is presented too late." We cannot, in view of this objection, consider the exceptions set forth in the bill of exceptions.

The right of the appellant to present a bill of exceptions after the entry of judgment, is limited in point of time to the period of thirty days. After the expiration of that period, unless further time had been in the meantime obtained, the

right to present the bill of exceptions for settlement is taken away. If, therefore, the respondents, objecting to the settlement of the bill of exceptions, rely upon the lapse of the period limited by the statute, it becomes the duty of the appellant, in answer to the objection, to incorporate into the bill the matter, if any, going to excuse his apparent delay; otherwise the exceptions, though settled, cannot be considered here.

2. The motion of August 8, to set aside the judgment of April 22, was correctly denied. The remedy of the appellant was by appeal from the judgment, and not by motion to set it aside. The motion to set aside the judgment of April 22 was founded upon certain new matter which might have been, but was not, brought to the attention of the court on the hearing of the motion of the counsel for the defendant Josefa de Haro Denniston, for leave to make further service of the summons.

When, at the hearing of the latter motion, the counsel for the plaintiff made a counter motion to dismiss the action, it became the duty of the counsel for the defendants Grisar and Green (who was then present in court), if he intended to resist the motion, to disclose the grounds upon which he relied for that purpose. If the counsel for the last-named defendants intended to rely upon the stipulation of the 29th of August, 1868, as precluding the plaintiff's counsel from his motion to dismiss the action, the stipulation should have been brought forward then, or an application should then have been made to delay the hearing of the counter motion to dismiss until the stipulation could be brought to the attention of the court.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.