[No. 6,699.—In Bank.]

## T. H. TREGAMBO v. THE COMANCHE MILL AND MINING COMPANY ET AL.

BILL OF EXCEPTIONS—EXCEPTION—PRACTICE.—It is not necessary to present a bill of exceptions to a decision refusing to open a default at the time of such decision. Bills of exceptions, to any decision whenever made, may be presented and settled as provided in § 650, Code of Civil Procedure.

FILING—CLERK—FEES.—A paper in a case is deemed to be filed when it is delivered to the clerk for that purpose, and the clerk's fees paid if demanded.

ID.—DEFAULT.—DEMURRER.—It is premature to enter a default of a defendant whose demurrer is on file and undisposed of, notwithstanding that the demurrer has not been indorsed as filed by the clerk.

TRIAL—DEFINITION.—A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue.

CLERK'S FEES—MONO COUNTY.—There is no law authorizing the county clerk of Mono County to receive three dollars fee for filing a demurrer.

APPEAL from a judgment for the plaintiff in the Sixteenth District Court, County of Mono. REED, J.

*Hammond & Wright*, and *D. W. Douthitt*, for Appellants.

The clerk of the court below had no authority for demanding three dollars for filing the demurrer. (Hittell's Codes and Statutes, § 15203.)

If he were authorized to make such a charge, it is optional with him whether he receive cash or credit; and when he failed to demand the cash, and retained the demurrers, he was deemed to have waived the benefit of the statute, and to have elected to receive the demurrers for filing, charging the costs to the defendants. (Hittell's Codes and Statutes, § 15244; *Lick* v. *Madden*, 25 Cal. 202.)

The clerk having received and retained the demurrers in his official custody, they were filed within the meaning of the law.

"The filing of a paper is effected by delivering the paper (indorsed with the title of the cause and the attorney's name) to the clerk of the court in which the action is pending. * * *

"To file a paper on the part of a party is to place it in the official custody of the clerk." (*Holman* v. *Chevaillier*, 14 Tex. 339; Burrill's Law Dictionary; Bouvier's Law Dictionary; 13 Vin. Abr. 211; 1 Littleton, 313; *Bishop* v. *Cook*, 13 Barb. 326.)

The word "trial" is used in § 650, Code of Civil Procedure, in its broader sense, and exceptions taken at a trial of an issue of law may be settled in a bill of exceptions under the provisions of § 650.

In *Higgins* v. *Mahoney*, 50 Cal. 444, the action was dismissed on motion of plaintiff before answer filed or issue of fact raised. Judgment dismissing the action was entered April 22nd, 1873. Bill of exceptions was presented and settled June 2nd, 1873. Respondents objected that the bill was settled too late, being more than thirty days after entry of judgment.

We understand that the Court held in that case that the bill of exceptions could have been presented either under § 649 or § 650, at the option of the appellant; but having been presented after the time allowed in § 650, it could not be considered.

*P. W. Bennett, Selden Hetzel,* and *Crittenden Thornton,* for Respondents.

The bill of exceptions in the transcript was settled and filed without authority of law. It was not a bill of exceptions taken at a "trial," within the meaning of that word as used in § 650, which bill must be presented within ten days after the entry of the *judgment.* The word "trial" is defined in the first sentence of § 650, by the expression of every method of trial known to the law; that is, "with a jury," or "without a jury." Both of these expressions refer to the examination of issues of fact which are maintained by one party and controverted by the other.

A bill of exceptions to any decision made *after* final judgment may be presented and settled as provided in § 650, and within like periods after entry of the order, upon appeal from which such decision is reviewable. The period limited by § 650 is ten days after entry of judgment. The bill in this case was not served within ten days of the order made.

MCKEE, J. :

This case arises out of an action which was commenced in the late District Court of Mono County by the respondents, who were plaintiffs in the Court below, to obtain a judgment

and foreclosure of mechanics' liens upon the property of the Comanche Mill and Mining Company, the defendant and appellant. Process was served on the company in San Francisco March 22nd, 1879. May 2nd, 1879, default of defendant for not answering was entered. Motion to set aside this default and allow defendant to answer was made upon affidavits, and denied by the Court on May 10th, 1879. When the decision was rendered the attorneys for the defendant were present, and excepted; but they presented no bill of exceptions to the judge, as they might have done under § 649 of the Code of Civil Procedure. In that position of the parties the Court referred the case to the Court Commissioner, and upon the coming in of his report, judgment was rendered and entered in favor of the plaintiffs against the defendant on the 19th of May, 1879; and on the 20th of May, 1879, the defendant appealed from the judgment and order denying .the motion to set aside the default. More than twenty days after the judgment, the judge of the the Court settled a bill of exceptions taken to the order refusing to set aside the default, and more than thirty days after the appeal had been taken the settled bill of exceptions was filed.

An order refusing to set aside a default is not an appealable order. Therefore, the only appeal before us is from the judgment, and that presents for consideration the judgment roll only, unless the bill of exceptions contained in the transcript is to be considered as part of the record of the case. The respondents attack it as too late, because it was not presented for settlement at the time the exception was taken, according to § 649 of the Code of Civil Procedure.

But that section only declares that a bill of exceptions to *any* decision *may* be presented to the court or judge for settlement at the time the decision is made; and after having been settled, shall be signed by the judge, and filed with the clerk. If a statute absolutely fixes the time within which an act must be done, it is peremptory. The act cannot be done at any other time, unless during the existence of the prescribed time it has been extended by an order made for that purpose under authority of law. Section 1054 of the Civil Code of Procedure authorizes such an extension to be made within the limits of thirty days. But no order extending time in this case was

applied for or granted; therefore the time for presentation was such as was prescribed by law, if any. There is no specific time fixed by law for presenting a bill of exceptions for settlement, unless it be found in §§ 649 and 650 of the Code of Civil Procedure. Section 649 does not fix any specific time for the performance of such an act. It only declares that the act may be done immediately upon the rendering of the decision to which exception is taken—and this decision is one which may be rendered at any time; but it does not require the act to be done at the risk of forfeiture of the right to have it done. If not done immediately upon the rendition of the decision, the right is not taken away. It still exists, and, in our judgment, may be exercised at any time prescribed by § 650 of the Code of Civil Procedure.

That was the construction of §§ 649 and 650 by the late Supreme Court before the sections were amended by the Legislatures of 1874 and 1876. Under § 649 as it existed before it was amended, a party excepting had the right to present his bill of exceptions at the time of the ruling of which he complained; but if not presented at the time of the ruling, it might be presented under § 650 as it was before its amendment, upon one day's notice, at any time within thirty days after the entry of judgment; and the late Supreme Court held that a party was not bound to present his bill of exceptions under § 649 at the time of the ruling, but had a right to have it settled, under § 650, at any time within thirty days after the entry of judgment, and within such further time as the Court below might grant by an order made before the expiration of the thirty days. (*Higgins* v. *Mahoney*, 50 Cal. 444; *Caldwell* v. *Parks*, 47 id. 640; *Berry* v. *N. P. C. R. R. Co.* 50 id. 435.)

The amendments of those sections were intended to regulate the right, not to destroy or limit it. As amended, they regulate the right of a party who has taken an exception to any decision made in the course of proceedings in a case, before final judgment, to have it settled within thirty days after the entry of judgment, or of service of notice of the entry of judgment, by following the course prescribed by § 650.

It is contended, however, that § 650 refers only to exceptions taken at the trial of a cause, and not to exceptions taken in the

course of proceedings before the trial has commenced; and that, as this was an exception taken to a decision rendered on a motion to set aside a default, it was not an exception taken " at the trial." Such an interpretation is one which seems to us to stick in the bark. A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial. Such an issue was presented on the application to set aside the default entered against the defendant. Upon that issue the Court heard and determined; and to the decision rendered exceptions were taken, which were settled as exceptions taken at the trial in conformity to the provisions of § 650. The time prescribed by that section is made to relate to the settlement of bills of exceptions taken to any decision made before or after judgment; for it is provided by § 651 that exceptions taken to any decision made after judgment may be settled or noted as provided in § 649; but a bill of exceptions may be presented and settled afterwards, as provided in § 650. The time for the presentation and settlement of all bills of exception is therefore fixed by § 650, and as the bill of exceptions in this case was presented and settled within that time, it constitutes a part of the record of the case.

Now it appears from the record that the attorneys of the parties to the action resided in Bodie, twenty miles away from the county seat of Mono County; that on the 20th of April, 1879, the defendant's attorneys forwarded to the clerk of the court, to be filed, certain demurrers to the complaint, copies of which had been served on the plaintiffs' attorneys, together with notice that the demurrers would be called for argument on May 2nd, 1879. The demurrers were regularly delivered to the clerk of the court on the 29th of April, 1879. He received them without demanding his fees for filing them. But about six o'clock P. M. of May 1st, 1879, defendant's attorneys received a letter from the clerk, informing them that he demanded payment of his fees for filing the demurrers. On the morning of the 2nd of May, the attorneys left Bodie for the county seat, and arrived there the same day about

noon. Immediately upon their arrival they tendered to the clerk his fees, but he refused to receive them, because he was then in the act of entering the defendant's default for not answering.

We think the District Court should have set aside a default entered under such circumstances. When the demurrers were placed in the custody of the clerk, he had a legal right to refuse to file them, unless the fees for that service were paid to him. (Cal. Codes, Stats. in Force, § 765; § 4332, Pol. Code.) But he did not refuse, nor did he demand any fees then or afterwards for filing the demurrers. Three or four days after he received them for filing, he demanded by letter " $66 as fees on filing twenty-two demurrers in said case." But there was no law which allowed $3 as a fee for filing a demurrer; the demand was therefore unauthorized by law. Having failed to demand his fees for filing the demurrers at the time they were delivered to him to be filed, or at any time thereafter, he waived his personal privilege of requiring prepayment. There is no question but that a clerk of a court may waive a right created by statute. (*Lick* v. *Madden*, 25 Cal. 203.) When, therefore, the demurrers were brought and deposited with the clerk for filing, they were, in contemplation of law as to the defendant, on file in the case. A paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. (*Engleman* v. *State*, 2 Ind. 91.) Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. Indorsing it with the time of filing is not a necessary part of filing. (*Bishop* v. *Cook*, 13 Barb. 326.) When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose. (*Lamson* v. *Falls*, 6 Ind. 309.)

As the demurrers were before the Court, the default of the defendant for not answering was prematurely entered, and the Court should have set it aside. The defendant had a right to have the demurrers disposed of. It was the duty of the clerk to have indorsed upon them the date of their filing. His omission of duty could not prejudice the defendant in any of its legal rights.

Judgment reversed, and cause remanded, with direction to the Court below to dispose of the demurrers.

MORRISON, C. J., SHARPSTEIN, J., and MYRICK, J., concurred.

[THORNTON, J., took no part in the decision.]