[No. 19269.    Department One.—February 28, 1894.]

HENRY CONNOR, RESPONDENT, *v.* THE SOUTHERN CALIFORNIA MOTOR ROAD COMPANY, APPELLANT.

NEW TRIAL—UNEXPLAINED DELAY IN PRESENTING STATEMENT FOR SETTLEMENT—APPEAL.—An unexplained delay of seven months in presenting a statement on motion for a new trial to the trial judge for settlement is fatal, and a settled statement showing the fact of such delay, without explanation, and an objection to its settlement on that ground, must be disregarded upon the hearing of an appeal from the order denying a new trial.

ID.—APPELLANT MUST INCORPORATE EXCUSE FOR DELAY.—Where the settlement of a statement or bill of exceptions is objected to on the ground that it is too late, it becomes the duty of the appellant to incorporate in the bill or statement the matter, if any, going to excuse his apparent delay, and in case this is not done the bill of exceptions or statement will not be considered upon appeal.

ID.—MANDATORY STATUTE.—If a statute absolutely fixes the time within which an act must be done, it is peremptory, and the act cannot be done at any other time unless, during the existence of the prescribed time, it has been extended by an order made for that purpose under authority of law.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles N. Fox,* for Appellant.

*Harris & Gregg,* for Respondent.

HAYNES, C.—Appeal from judgment and an order denying defendant's motion for a new trial.

It is conceded by appellant that the appeal from the judgment cannot be considered, because taken too late; and respondent contends that the appeal from the order denying a new trial cannot be considered upon its merits, because the statement was not settled within the time required by subdivision 3 of section 659 of the Code of Civil Procedure.

Appellant's counsel did not notice the question in their opening brief, and, as no reply brief has been filed, we are without the benefit of any suggestions from them.

The statement contains the following:

"It is agreed that the statement on motion for a new trial herein was served August 17, 1891, and that the proposed amendments thereto were served in April, 1892; and that neither the proposed statement nor amendments thereto were ever presented to the judge prior to this date, and that they have never been filed with the clerk of this court.

" Plaintiff objects to a settlement of the proposed statement, on the ground that the moving party in this case has not complied with subdivision 3, section 659, of the Code of Civil Procedure, in that he did not, within ten days after the service of the amendments, present the same to the judge who tried the case for settlement, nor to the clerk of the court for the judge, and failed and refused to adopt said amendments, or to present said proposed statement to the clerk of the court for the judge prior to this day." (November 28, 1892.)

The objection to the settlement of the statement was overruled, and plaintiff excepted, and the statement was thereupon settled.

The delay of seven months in presenting the statement and amendments to the judge for settlement is wholly unexplained.   The settlement having been objected to on the ground that it was too late, "it became the duty of appellant to incorporate in the bill (statement) the matter, if any, going to excuse his apparent delay; otherwise, the exceptions, though settled, cannot be considered here."   (*Higgins* v. *Mahoney*, 50 Cal. 444.)

In *Tregambo* v. *Comanche etc. Co.*, 57 Cal. 503, it was said: "If a statute absolutely fixes the time within which an act must be done it is peremptory.   The act cannot be done at any other time, unless during the existence of the prescribed time it has been extended by an order made for that purpose under authority of law."   This language was used in relation to the time within which a bill of exceptions might be taken under the statute, and is therefore applicable here.   To hold that the statement may be settled when no steps were taken until after the expiration of the ten days, the time for doing so not having been extended, and respondent objecting thereto, would be a judicial abrogation of the statute.   (See, also, *Wills* v. *Rhen Kong*, 70 Cal. 548.)

The statement must therefore be disregarded.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.