[No. 18328.   In Bank.—February 25, 1895.]

## P. HENRY, APPELLANT, v. J. L. MERGUIRE ET AL., EXECUTORS, ETC., RESPONDENTS.

APPEAL — SETTLEMENT OF NEW TRIAL STATEMENT — NONAPPEALABLE ORDER.—The certificate of a judge settling an engrossed statement on motion for a new trial does not constitute a special order made after final judgment, and is not an appealable order.

ID.—REVIEW OF SETTLED STATEMENT.—When the judge settles a bill of exceptions or statement, the record is made up; and if, on its face, it shows that the statute was not followed in preparing the record, that fact may be urged in the lower court, and on appeal, as a reason why the motion for a new trial should be denied.

ID.—FATAL DELAY IN PRESENTING STATEMENT—RENEWAL OF ORDER GRANTING NEW TRIAL.—Where the record shows that the proposed statement on motion for a new trial, and the proposed amendments thereto, were

presented to the judge upon notice after the expiration of the ten days prescribed by law, and that the settlement was objected to by the other party, and no excuse appears in the record for the delay, the delay is fatal, and the court has no right, on hearing the motion, to consider the statement, nor can it be considered on appeal, and an order granting a new trial on such statement must be reversed.

APPEAL from an order of the Superior Court of Nevada County granting a new trial.

The facts are stated in the opinion.

*Thomas S. Ford*, for Appellant.

The court erred in granting the motion for a new trial, for the reason that the statement was not presented for settlement within the time prescribed by law; it had no valid legal existence for the purpose of reviewing the merits, and could not be the basis of the motion for a new trial. (*Arnold* v. *San Jose*, 81 Cal. 621; *Connor* v. *Southern Cal. Motor Road Co.*, 101 Cal. 429; *Higgins* v. *Mahoney*, 50 Cal. 444; *Tregambo* v. *Comanche etc. Co.*, 57 Cal. 503; *Wills* v. *Rhen Kong*, 70 Cal. 548; Hayne on New Trial and Appeal, sec. 153; *Simpson* v. *Budd*, 91 Cal. 491. See, also, *Bunnel* v. *Stockton*, 83 Cal. 320; *Cooney* v. *Furlong*, 66 Cal. 521; *Chase* v. *Evoy*, 58 Cal. 349; *Quivey* v. *Gambert*, 32 Cal. 304; *Thompson* v. *Lynch*, 43 Cal. 483; *Campbell* v. *Jones*, 41 Cal. 515; *Clark* v. *Crane*, 57 Cal. 632; *Stonesifer* v. *Armstrong*, 86 Cal. 595.) The proposed statement was not served within the time prescribed by law, and should not have been settled or allowed. (*Campbell* v. *Jones*, 41 Cal. 517, 518; *Easterby* v. *Larco*, 24 Cal. 180; *Cottle* v. *Leitch*, 43 Cal. 321, 322; *Bunnel* v. *Stockton*, 83 Cal. 320; *Cooney* v. *Furlong*, 66 Cal. 521; *Chase* v. *Evoy*, 58 Cal. 349; *Thompson* v. *Lynch*, 43 Cal. 483.)

*J. M. Walling*, and *W. H. Chickering*, for Respondents.

The order settling the statement was an appealable order, and as no appeal was taken from such order, and more than sixty days elapsed from the date of the

order, the objections presented to the settlement of the statement in the trial court cannot now be considered upon this appeal. (Code Civ. Proc., sec. 939, subd. 3; *Calderwood* v. *Peyser*, 42 Cal. 110; *Clark* v. *Crane*, 57 Cal. 629; *Empire etc. Co.* v. *Bonanza etc. Co.*, 67 Cal. 406; *Stonesifer* v. *Kilburn*, 94 Cal. 33; *Schallert-Ganahl L. Co.* v. *Neal*, 94 Cal. 192; *Scott* v. *Glenn*, 97 Cal. 513; *Cole* v. *Wilcox*, 99 Cal. 549.)

BELCHER, C.—This is an appeal by the plaintiff from an order granting the defendant's motion for a new trial. The motion was made upon a statement of the case, and was granted upon the ground that "the evidence is insufficient to justify the verdict of the jury and decision of the court."

The first point made for a reversal is that the statement was not presented for settlement within the ten days prescribed by law, and hence it formed no legal basis to support the motion, and the order granting the motion was erroneous.

Upon this point the statement shows the following facts: "The proposed statement was served on plaintiff November 21, 1893, and on November 28th the plaintiff served his proposed amendments. Thereafter, and within five days after November 28, 1893, the defendants served notice on plaintiff that said proposed amendments were not accepted, and that said proposed statement and the proposed amendments thereto would be presented to the court for settlement on December 11, 1893. On said December 11th, when presented, the plaintiff objected to the settlement of said statement on the ground that presentation was not made in time, and said objection was overruled by the court and the said statement settled, the plaintiff excepting."

And the order granting the motion states that plaintiff's counsel "opposed the motion on the merits and on the ground that the said statement was not presented for settlement within the statutory time," and excepted to the ruling of the court.

Section 659, subdivision 3, of the Code of Civil Procedure provides: "If the amendments be adopted the statement shall be amended accordingly, and then presented to the judge who tried or heard the cause for settlement, or be delivered to the clerk of the court for the judge. If not adopted the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge, upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge; and thereupon the same proceedings for the settlement of the statement shall be taken by the parties, and clerk, and judge, as are required for the settlement of bills of exception by section 650. . . . . When settled the statement shall be signed by the judge or referee, with his certificate, to the effect that the same is allowed, and shall then be filed with the clerk."

The respondents contend that the settlement of the statement was an appealable order, and that, as it was not appealed from, appellant cannot on this appeal raise the point now presented. And in support of this position section 939, subdivision 3, of the Code of Civil Procedure, and several cases are cited.

The section of the code relied upon provides that appeals may be taken from several enumerated orders, and "from any special order made after final judgment."

The settlement in question was in these words: "The foregoing engrossed statement on motion for new trial is correct, and is hereby settled and allowed." This did not, in our opinion, constitute a special order made after final judgment. It was simply a certificate and not an appealable order. The cases cited are not in point. In no one of them was it held that an appeal could be taken from such a certificate.

The case cited which is most nearly in point is that of *Stonesifer* v. *Kilburn*, 94 Cal. 33. In that case it was held that an order refusing to settle a bill of exceptions was appealable, and counsel says: "Clearly the converse

of the proposition must be equally law." But this does not, in our opinion, follow. When a judge refuses to settle a bill of exceptions or statement there is no record on which the motion for new trial can be considered in the trial or appellate court, and the only remedy is by appeal or mandamus.

When, however, the judge settles the bill of exceptions or statement the record is made up; and if, on its face, it shows that the statute was not followed in preparing the record, then that fact may be. urged in the lower court, and on appeal in the supreme court, as a reason why the motion for new trial should be denied.

There are many cases so holding, but without reviewing the authorities we think it sufficient to quote from Mr. Hayne's work on New Trial and Appeal (sec. 146, p. 409), where he very clearly and succinctly states the law as follows: "The objection when so reserved is to be urged when the statement is presented for settlement as a reason why it should not be settled. If the judge overrules the objection and proceeds to settle the statement the party must have his objection and the matter in its support incorporated in the statement. When so incorporated it may be urged as a reason why the motion should be denied, both in the lower court upon the hearing of the motion and in the supreme court upon appeal from the order granting or refusing the motion."

Respondents further contend that it does not appear from the statement that the proposed statement and amendments were not presented for settlement within the ten days prescribed by law.

This contention cannot be sustained. It appears that the plaintiff served his proposed amendments on November 28th. The law required the defendants, within ten days thereafter, if the amendments were not adopted, to present the proposed statement and amendments for settlement, upon five days' notice to the adverse party. The notice was that the papers would be presented on December 11th, three days after the

prescribed time, and on that day *when presented* objection was made that the presentation was not in time. The language embodied in the statement clearly imports that the papers were presented for settlement on December 11th and not before.    But if, as claimed, they were in fact presented before that day, they were presented without the required notice, and such presentation was insufficient.    Besides, if they had been so presented that fact would probably have been clearly stated, after the objection was made that they were not presented in time.

The question then arises, Had the court below a right to consider the statement, and upon it to grant the motion for new trial ?

In *Wills* v. *Rhen Kong*, 70 Cal. 548, the appeal was from an order refusing a new trial.    In that case the defendant, having duly served his proposed statement on motion for a new trial, to which the plaintiff had duly served amendments, presented the same to the judge for settlement fourteen days after the service of the amendments.    No notice was given to the plaintiff of the presentation.    The judge refused to settle the statement because it had not been presented in time, and because no notice of the presentation had been given, and the order was affirmed.

In *Bunnel* v. *Stockton*, 83 Cal. 319, the appeal was from an order denying a new trial, upon the ground that the statement was not served and filed in time, and the order was affirmed.    The court said: "The moving party must prepare and serve his statement within the time allowed by law for that purpose, or it cannot be settled; or, if settled, cannot be considered either at the hearing of the motion or on appeal to this court."

In *Connor* v. *Southern California etc. Co.*, 101 Cal. 429, the appeal was from an order denying the defendant's motion for a new trial.    In that case it appeared that the proposed statement and amendments thereto were not presented to the judge for settlement until

seven months after the amendments were served, and the plaintiff objected to the settlement upon the ground that the presentation was not in time. This objection was, however, overruled and the statement settled.

The court said: "The delay of seven months in presenting the statement and amendments to the judge for settlement is wholly unexplained. The settlement having been objected to on the ground that it was too late, 'it became the duty of appellant to incorporate in the bill (statement) the matter, if any, going to excuse his apparent delay; otherwise, the exceptions, though settled, cannot be considered here. (*Higgins* v. *Mahoney*, 50 Cal. 444.)'"

The court then quoted the following language from *Tregambo* v. *Comanche etc. Co.*, 57 Cal. 503: "If a statute absolutely fixes the time within which an act must be done it is peremptory. The act cannot be done at any other time, unless during the existence of the prescribed time it has been extended by an order made for that purpose under authority of law," and added: "This language was used in relation to the time within which a bill of exceptions might be taken under the statute, and is therefore applicable here. To hold that the statement may be settled when no steps were taken until after the expiration of the ten days, the time for doing so not having been extended, and respondent objecting thereto, would be a judicial abrogation of the statute."

Here no excuse for the delay is shown, and it can make no difference whether it was for three days or fourteen days, or seven months. Under the decisions it must therefore be held that the court below had no right, on hearing the motion, to consider the statement, and that it cannot be considered by this court on appeal.

The other points made for reversal need not be noticed.

The order appealed from should be reversed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

<div style="text-align: right">

GAROUTTE, J.,　VAN FLEET, J.,

HARRISON, J.,　McFARLAND, J.