[Sac. No. 757.   Department Two.—December 11, 1900.]

In the Matter of the Estate of W. H. KRUGER, Deceased. MARY A. KRUGER, Executrix and Legatee, Appellant, v. J. L. MERGUIRE, Executor, and J. M. WALLING, Respondents.

ESTATES OF DECEASED PERSONS—EXECUTOR'S ACCOUNT—ALLOWANCE TO ATTORNEY—NEGLIGENCE IN SUIT—GENERAL EMPLOYMENT—FINDING— APPEAL.—Upon the settlement of an executor's account including an allowance to an attorney, where it was claimed by the executrix, who was a legatee, that the attorney was negligent in the prosecution of a suit to which the executors were parties, and the court found that the general employment of the attorney included the conduct of such suit, the executor and attorney, as respondents to her appeal, cannot question such finding; and the fact that the attorney regarded the suit as a distinct employment, and did not ask for compensation therefor, could not prevent the question of such alleged negligence from being considered in fixing his compensation as attorney for the executors, under such finding.

ID.—NEGLIGENCE UPON MOTION FOR NEW TRIAL.—An attorney is negligent in the conduct of a cause, upon motion for a new trial, in failing to present the proposed statement and amendments to the judge for settlement within the period provided by law, and in failing to have any facts showing a valid excuse for the delay incorporated into the statement. It does not excuse such negligence that a valid excuse in fact existed, which was not so incorporated and certified in the statement.

ID.—ARGUMENT UPON APPEAL—EVIDENCE OF NEGLIGENCE.—An argument upon appeal from the evidence of the negligence of the attorney for the executors in not incorporating an excuse in his statement on motion for a new trial in another cause need not be shown to have been first made in the court below.

ID.—LIABILITY OF ATTORNEY FOR NEGLIGENCE.—An attorney is liable
  for a want of such skill, prudence, and diligence as lawyers
  of ordinary skill and capacity commonly possess and exercise.

APPEAL from a decree of the Superior Court of Nevada
County settling the account of an executor. F. T. Nilon,
Judge.

The facts are stated in the opinion of the court.

Fred Searls, and George T. Wright, for Appellant.

P. F. Simonds, for Respondents.

TEMPLE, J.—This is an appeal from a decree settling the
sixth account of one of the executors, and the appellant, as
executrix and legatee, seeks to reverse the order or decree as
to the allowance of the sum of six thousand dollars for legal
services rendered the executors.

The attorney was employed in 1891 with the understanding
that he should render such services as the executors might
require, and that he should receive such compensation for his
services as the court should deem reasonable—meaning, no
doubt, such sum as the court would allow to the executors.

Upon the settlement of the fifth annual account, one of
the executors asked the court to fix the value of the legal ser-
vices rendered, which the court then did. From that order
the present appellant appealed to this court, and the order
was reversed on the ground that the claim for an allowance
of an attorney's fee was not contained in the account as filed,
and those interested in the estate had no notice that such al-
lowance would be made. (*Estate of Kruger*, 123 Cal. 391.)

After filing the *remittitur* from this court on that appeal
the sixth account was filed, in which the statement was con-
tained that the attorney was entitled to be paid a reasonable
fee for valuable services rendered by him, such fee to be fixed
by the court on that settlement. Upon the day for such set-
tlement the appellant objected to the allowance of any at-
torney's fee, on the ground, substantially, that the estate had
been injured by the negligent performance of duty by the at-
torney in a sum far exceeding the claim made on behalf of
the attorney. The court allowed as an attorney's fee six thou-

sand dollars, which ruling the appellant claims is not sustained by the evidence.

There was testimony to the effect that the services were worth ten thousand dollars, and this testimony was not directly controverted. Indeed, it may be said the contestants admit that the fee allowed would be reasonable but for the fact that, through the negligence of the attorney in a certain law suit brought against the estate, it incurred a loss of a large amount of property and was compelled to pay seventeen thousand dollars, besides costs, which would have been saved to the estate if the attorney had properly discharged his duty.

It was contended on behalf of the attorney that his employment and the service he rendered in the action alluded to was separate and distinct from his employment as attorney for the executors in the administration of the estate, but the court found against him on this point, and neither he nor the executor can question the ruling. We are bound to regard the service rendered in the suit as part of the service rendered in pursuance of his employment to aid the executors generally, and the fact that he did not ask for any compensation for service rendered in that case will not prevent the question of such alleged negligence from being considered in fixing his compensation as attorney for the executors.

The suit in question was brought by one P. Henry against the executors of W. H. Kruger, deceased, and also against the executors of E. J. Brickell, deceased, said Brickell having been a partner in business with Kruger, deceased, to obtain an account in regard to certain property alleged to have been held in trust by Kruger and Brickell, for judgment in the sum of sixty-two thousand dollars, and to compel the conveyance of certain property. The defendants answered, denying the alleged rights and equities, and all indebtedness, the said attorney representing the estate of Kruger in pursuance of said employment. Judgment went against said executors for a reconveyance of the property, and for twenty-eight thousand dollars found to be due said plaintiff on the accounting, and for costs. The executors, by their said attorney, in due time took the proper steps to move for a new trial, and said attorney duly prepared and served a statement on said motion November 21, 1893. The plaintiff in that action served his

proposed amendments to said statement November 28, 1893. On the second day of December, 1893, said attorney notified plaintiff's attorney in that action that the proposed amendments would not be accepted, and that the statement and proposed amendments would be presented to the judge for settlement November 11, 1893, which was three days too late. At the time of settlement the plaintiff in that case objected to the settlement on that ground, and, when his objection was overruled, caused his objection to be certified in the statement, and although there was an apparent failure to present the statement for settlement in time, the moving party did not cause to be inserted any saving explanation. Afterward, the supreme court, on motion of the respondent in that case, dismissed the appeal, solely for this defect. (*Henry v. Merguire*, 106 Cal. 142.) The reasoning upon this point is tersely stated in the syllabus: "Where the record shows that the proposed statement on motion for a new trial, and the proposed amendments thereto, were presented to the judge upon notice after the expiration of the ten days prescribed by law, and that the settlement was objected to by the other party, and no excuse appears in the record for the delay, the delay is fatal," etc. The court said: "Here no excuse for the delay is shown, and it can make no difference whether it was for three days or fourteen days, or seven months."

It will be seen that the charge of negligence is, first, in failing to present the proposed statement and proposed amendments to the judge for settlement within the period provided, to wit, within ten days after receiving the proposed amendments; or, in case there was a valid excuse for the delay, in failing to have the facts constituting such excuse incorporated into the statement.

Confessedly, the statement and proposed amendments were not presented to the judge within ten days; and confessedly, also, when they were so presented the settlement was objected to on the ground that the court had lost jurisdiction of the case and could not then settle the statement because of such delay, and, the objection being overruled, were incorporated into the statement, which did not disclose any excuse for the delay. And it must be admitted that for one of these reasons

the order for a new trial which was made, based upon such statement, was reversed.

The respondent here contends that such excuse did exist; that he handed the proposed statement and amendments to the judge in the presence of Mr. Ford, who represented the plaintiff in the action of *Henry v. Merguire, supra,* and the judge then appointed the day for settlement, and notice was given of such appointment. This, it is contended, is equivalent to the method provided in section 650 of the Code of Civil Procedure, which authorized him to hand the papers to the clerk for the judge, who then must appoint a day for settlement, of which the clerk must give notice. It is also contended that since the opposing attorney was present notice to him was not necessary, and this was itself a presentation to the judge for settlement. The notice actually given of the day when it would be presented for settlement is inconsistent with each contention, and when the documents were handed to the judge admittedly no notice had been served on Mr. Ford, and the attorney then testified that Mr. Ford then made objection to the proceeding, though he did not remember what specific objection it was. Certainly, then, the law was not complied with, and Mr. Ford did not consent to the day appointed.

But if these facts constituted an excuse they should have been stated in the statement when it was settled. The objection was made that the court had no power to settle and certify the statement, because of the lapse of time, and without explanation no one could have doubted that the objection was good. The court overruled the objection and Mr. Ford had his exceptions duly certified. Then it was plainly incumbent upon the moving party to cause the justification for the delay to be certified in the statement. This construction of the statute had been declared by this court. (*Higgins v. Mahoney,* 50 Cal. 444; *Tregambo v. Comanche etc. Mining Co.,* 57 Cal. 504; *Connor v. Southern Cal. Motor Road Co.,* 101 Cal. 429.)

Counsel for respondents say the point that the excuse was not incorporated in the statement was not made in the probate court. The fact was proven, and when the attorney for the executors was testifying his attention was called to it.

CXXX. Cal.—40

He said: "These facts were not incorporated in the statement on motion for a new trial. Counsel did not then believe . . . . that seven days was invalid when five should be required." Of course, no such objection that seven days' notice was given was ever made, but the remark shows that the point was made. But there is no such rule that points not made at the trial cannot be made here, but that certain objections to evidence or the procedure cannot be made for the first time in the appellate court. This is not an objection in this case, but an argument from the evidence that counsel was negligent. It was not necessary to show that the same argument was made below, and surely the bill of exceptions would not show this, and it may be added that appellant now asserts that it was presented and fully argued in the lower court.

The degree of learning and skill, as also the degree of diligence, for which an attorney is responsible was discussed in *Gambert v. Hart*, 44 Cal. 542. It is said: "The true rule of liability undoubtedly is that an attorney is liable for a want of such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise."

The facts in that case have a close analogy in essential matters to the facts of this case, and upon the principles there declared it cannot be doubted that actionable negligence was shown here.

But even if the negligence was not of such a nature as to be actionable, as stated on the last appeal, it should still have been considered in determining the value of the services. If because of the unskillful or negligent manner in which the service was performed it was a detriment and not an advantage, no compensation should have been allowed.

The order or decree settling the account of the executor is reversed.

Beatty, C. J., and McFarland, J., concurred.