[S. F. No. 4230.   In Bank.—August 5, 1905.]

F. F. RYER, Plaintiff, v. RIO LAND AND IMPROVEMENT COMPANY.   In re Application of Defendant to Prove Exceptions.

NEW TRIAL—ENGROSSMENT OF SETTLED STATEMENT—OBJECTIONS AND EXCEPTIONS—DUTY OF COURT.—After a statement on motion for new trial has been settled and ordered engrossed, the only duty of the court is to see that the engrossed bill corresponds to the settlement allowed; and the opposing party has no right to demand that objections and exceptions taken to the laches of the moving party shall be inserted in the engrossed statement.

ID.—CONCLUSIVE DETERMINATION OF JUDGE—NON-COMPLIANCE OF MOVING PARTY WITH ORDER.—The determination of the judge that the

engrossed bill corresponds to the settlement allowed is conclusive; and though the moving party did not comply with an order to present the engrossed copy to the opposite party, his failure to do so would not justify an absolute refusal to certify the statement.

ID.—OBJECTIONS TO LACHES—BILL OF EXCEPTIONS—APPEAL.—Any objections to the laches of the moving party in engrossing the statement, and in prosecuting his motion for a new trial, as ground for a denial of the motion, must be embodied in a separate bill of exceptions as ground for his own appeal from an order made after final judgment.

APPLICATION to prove exceptions to be inserted in a settled statement on motion for new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Platt & Bayne, for Defendant Petitioner.

R. H. Countryman, for Plaintiff, Respondent.

LORIGAN, J.—This is an application to this court, made by the defendant, to be allowed to prove certain exceptions and have them incorporated in a bill of exceptions. The motion is presented here under the following state of facts: The cause was pending in the superior court of Solano County and judgment awarded to defendant. Plaintiff gave notice of intention to move for a new trial, and in due time a proposed statement to be used on such motion, and amendments thereto, were presented to the judge for settlement, who, on the 20th of July, 1904, settled the same and directed the statement as settled to be engrossed by the attorney for the plaintiff by September 1, 1904. Repeated orders were thereafter made by the superior judge, extending the time for engrossment until February 4, 1905, when the attorney for plaintiff delivered to said judge for certification as correct what purported to be the engrossed statement.

Before such certification was made, however, by the judge, defendant, upon notice, moved to set aside the various orders extending the time for engrossing the statement, on the ground that the superior judge had no authority to grant them; to refuse the certification of such engrossed statement on the ground that it was not a true and correct engrossment

of the statement as settled by the judge in this, that it omitted
to embrace certain matters which the court had ordered in-
serted; to refuse such certification on the further ground that
such engrossed statement had not been served on the attorney
for defendant prior to presenting it for certification as had
been ordered by the court, and to dismiss all proceedings in
the matter of the presentation and certification of such state-
ment and in said action relative to and for the purpose of
obtaining a new trial, on the ground that plaintiff had not
used due diligence and had been guilty of undue and unrea-
sonable delay and gross laches in presenting such statement
for certification, and in the prosecution of his motion for a
new trial.

The matter coming on regularly to be heard upon the
various grounds urged by defendant, the objection made to
the certification was overruled and the notice to dismiss de-
nied, to which defendant excepted.   Defendant then moved
that the judge of said superior court incorporate and insert
in said statement presented for certification the various objec-
tions and motions made by it, together with the matter pre-
sented on the hearing thereof, which the judge refused to do,
but certified the engrossed statement as presented.

The motion here is to have said objections, motion, and
exceptions which the judge refused to incorporate in such
engrossed and certified statement settled and authenticated
by this court and made part of the record in the proceedings
on motion for a new trial.

We do not think it was the duty of the court below to
incorporate the objections of defendant, or its motion, or the
matters pertaining thereto, in the statement presented as
engrossed and ready for certification, or that it is entitled to
any relief under its motion here.   We are referred to no rule
of practice or decision of this court sanctioning such course.
While the rule is well settled that an objection that a pro-
posed statement has not been presented to the judge in time
must be urged when the statement is presented for settlement,
and if the objection is overruled the party must have his
objection and the matter in support of it incorporated in his
statement, so as to avail himself of it as a reason why the
motion for new trial, when it comes up for hearing in the
lower court, should be denied, or in order to present the objec-

tion in this court on appeal from the order granting or refusing the motion for a new trial (Hayne on New Trial and Appeal, sec. 146; *Henry* v. *Merguire,* 106 Cal. 145, [39 Pac. 599]; *Kaltschmidt* v. *Weber,* 136 Cal. 676, [69 Pac. 497]), this only applies to objections urged at the time the proposed statement comes up for settlement. It has no application to objections or motions made subsequent to the order settling the statement, and which are urged at the time the statement, as ordered settled and engrossed, is presented for certification. It is true, as insisted by counsel, that in *Houghton* v. *Superior Court,* 128 Cal. 355, [60 Pac. 973], this court said "that the bill of exceptions is not, however, really settled until it has been certified as correct, and this cannot be done until it has been engrossed, if engrossment is necessary." But this language was used in answer to a contention made by counsel in that case that the particular bill there in question should have been engrossed before it was settled. The language used was in reply to this contention. It was not meant thereby that until actual certification by the judge no settlement of the bill of exceptions or statement has been made, and that, therefore, it is open, so as to have inserted in it any objection or motion which a party may make. On the contrary, when the matter of the settlement of a statement or a bill of exceptions is taken up by the judge, and it is determined by him what shall be included in it, it is then actually settled, notwithstanding he may direct it to be engrossed and does not finally certify it as correct and allowed until the engrossment is made. After so being ordered settled, when it is engrossed and presented for certification, the only duty devolving upon the court, and the only right which the parties can insist on, is that the engrossed statement or bill of exceptions shall embody all that the court at the time of the actual settlement ordered should be incorporated in it. Whether it is so correctly engrossed as settled is a matter for the determination of the judge, and his determination upon the point is final. It cannot be insisted that the statement on motion for a new trial which is presented for certification, and which is found by the court to be correctly engrossed as ordered settled, shall be made, by incorporating in it objections and motions which are independent of, collateral to, and subsequent to its settlement, to serve the pur-

pose of a bill of exceptions upon which to review the action of the court in overruling such objections and motions. In the matter at bar, aside from the objection urged by the defendant that the statement was not engrossed as originally settled by the judge, the determination of which matter against defendant is final and conclusive, and the further objection that the engrossed statement was not served on the attorney for defendant before presentation to the judge—a matter which, while it might justify the court in refusing to certify the statement until counsel might examine it (as the court in this instance did), yet would not justify an absolute refusal to certify—the other objections urged were, in effect, and the motion in the case actually was, that the motion for a new trial be denied on the ground of unreasonable delay in presenting the engrossed statement for certification, and gross laches in prosecuting the motion for a new trial. The denial of this motion was a special order made after final judgment, from which the defendant had the right to appeal, and which should be supported by its own bill of exceptions, and the matters pertaining to it were not entitled to be incorporated in the statement on motion for a new trial. While the usual practice in moving the denial or dismissal of a motion for a new trial upon the ground of laches in prosecuting it is to make the motion when the application for a new trial comes up for disposition, yet a party who desires to avail himself of such a motion is not required to wait until that time; in fact it may be inadvisable to do so, and he can make his motion at any time he feels justified in doing it.

When, however, the motion to deny a new trial on the ground of laches in prosecuting it is made, as in the matter at bar, after the actual settlement of the statement, but before certification, and is denied, the party intending to prosecute an appeal from such an order of denial is not entitled to have his motion, and the matters upon which it is based, incorporated in the statement itself. His appeal must be supported by its own bill of exceptions.

The motion to have the bill of exceptions settled as prayed for is denied, and the application is dismissed.

Shaw, J., Angellotti, J., McFarland, J., Van Dyke, J., Beatty, C. J., and Henshaw, J., concurred.