[L. A. No. 2428.    Department Two.—September 7, 1910.]

WILLIAM A. GRUBB, Appellant, v. LUCIUS K. CHASE, Administrator, etc., of the Estate of Charles D. Foster, Deceased, Respondent.

NEW TRIAL—DELAY IN PRESENTING STATEMENT FOR SETTLEMENT—RELIEF UNDER SECTION 473 OF CODE OF CIVIL PROCEDURE.—Where a proposed statement and amendments thereto for use on a new trial are not filed or presented to the court for settlement within the time limited by section 659 of the Code of Civil Procedure, an objection interposed to the settlement on that ground is not available after settlement, when the motion for new trial came on for hearing, if the court, at the time of settling the statement, granted relief for the delay under section 473 of that code.

ESTATE OF DECEASED PERSON—CLAIM BASED ON SALE—CAUSE OF ACTION FOR FALSE REPRESENTATIONS.—A claim presented against the estate of a deceased person for money owing, as upon an express promise to pay, under an executed contract of sale, will not support a cause of action for damages for false representations inducing the sale.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial.    B. F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

W. F. Palmer, L. D. Bechtel, and Palmer & Mahan, for Appellant.

Lafayette Gill, and Louis W. Myers, for Respondent.

MELVIN, J.—Appeal from an order denying plaintiff's motion for a new trial. The action which was brought against an administrator was upon a common count for money alleged to be due as the purchase price of certain goods, wares, merchandise, stocks, securities, and choses in action sold and delivered by plaintiff to defendant's decedent. The questions of fact involved were determined by a jury. Judgment was for defendant and plaintiff gave notice of motion for new trial. The proposed statement of plaintiff on motion for new trial was not filed within the time prescribed by statute, but it is here contended by plaintiff that relief was granted under the provisions of section 473 of the Code of Civil Procedure. The motion for new trial was heard and subsequently the court denied it, one of the reasons for said denial being that the moving party had not complied with the terms of section 659 of the Code of Civil Procedure. The learned judge of the superior court, however, filed an opinion in which he gave as an additional reason for his ruling, and one that would have been sufficient without the other, that the proof adduced at the trial utterly failed to sustain the allegations of the complaint. In this behalf he wrote as follows:—

"The case to be made in suing an administrator is limited absolutely, under the decisions in this state, to the cause of action set forth in the claim filed against the estate; the claim filed against the estate in these cases was for money owing, as upon an express promise to pay, under an executed contract of sale. The case as made by the plaintiffs was one for damages in tort, as for false representations. The two are essentially dissimilar. For that reason then, conceding that the court might have committed some errors in the giving of instructions, or the admission of evidence, still, under no circumstances, under the pleadings as at present, could plaintiff recover. Such being the case any error committed was purely of an abstract nature, and not prejudicial to the rights of the plaintiffs. (*Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 782, [89 Pac. 1109]; *Green* v. *Ophir etc. M. Co.*, 45 Cal. 527.)"

Appellant does not deny that the proposed statement for use on the motion for new trial was not filed nor presented to the court within the time prescribed by section 659 of the Code of Civil Procedure, but contends that having presented an affidavit showing dependence upon verbal stipulations of defendant's attorneys, as an excuse for his delay, and the court thereafter having settled the statement by allowing all of defendant's proposed amendments, therefore relief was granted under the provisions of section 473 of the Code of Civil Procedure. Defendant objected to any settlement of the statement on the ground: "that said proposed statement and amendments had not been presented to the court, or delivered to the clerk for the judge within the time allowed by law, in this, that defendant's proposed amendments to said proposed statement were not, nor was a copy thereof, presented to the court or delivered to the clerk for the judge within ten days after said proposed amendments were served upon said plaintiff." This objection was available after settlement of the statement, when the motion for new trial came on for hearing, and it seems to have been sufficient for the court at that time; therefore it makes no difference whether the court acted originally under section 473 of the Code of Civil Procedure or not. We think the ruling finally made was justified under the authority of *Henry* v. *Merguire*, 106 Cal. 146, [39 Pac. 599], cited by the court at the time the motion for new trial was denied.

We are also in accord with the lower court upon the second ground for denying the motion. At the trial plaintiff's theory was that defendant's decedent, Foster, had promised to purchase sundry notes and certain stock in the Massachusetts Real Estate Company at a stipulated price equal to the face value of the notes, plus certain interest thereon, and the agreed value of thirty-five dollars per share of the stock. This, plaintiff contends, was to be paid for in stock of the Mercantile Realty Company, worth par. The stock of the latter company was delivered but it was not worth par. This, according to plaintiff, was not an executed contract, but defendant's decedent acknowledged in his lifetime that he was bound to give plaintiff the par value of the Mercantile Realty Company's stock by paying interest on the par value of said stock every six months as long as he lived, meanwhile fraudulently concealing the

worthless nature of the stock which he had delivered. The mere statement of this proposition demonstrates the correctness of the trial court's determination. The very gist of plaintiff's action was the alleged fraud perpetrated upon him by Foster. Such fraud must be alleged and proved, and in order that an action may be maintained against the administrator of an estate, a claim of this kind must be fully presented according to law. (*McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466].)

It follows that the order from which the appeal was taken should be affirmed, and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.

In denying the hearing in Bank, the court in Bank rendered the following opinion on October 7, 1910:—

THE COURT.—In so far as the Department opinion implies that the objection that the proposed amendments to plaintiff's statement on motion for a new trial were not presented by plaintiff to the court within the time prescribed by section 659 of the Code of Civil Procedure was available to defendant after settlement of the statement upon the hearing of the motion for new trial in the superior court, notwithstanding that the court before settling the statement had relieved plaintiff from the effect of his default under section 473 of the Code of Civil Procedure, and notwithstanding that all such proposed amendments were allowed, we are satisfied that it is incorrect. The motion for a new trial was, however, properly denied for the other reason discussed in the opinion.

The petition for a rehearing is denied.