[S. F. No. 1108. Department One.—October 9, 1897.]

## Estate of MARTINA CASTRO DEPEAUX, Deceased; Appeal of M. ELIZABETH PECK.

Appeal — Failure to File Transcript—Unsettled Bill of Exceptions— Neglect of Appellant—Dismissal.—It is the duty of a party seeking to avail himself of a bill of exceptions, for the purpose of review upon appeal, to take whatever steps may be necessary to procure its settlement; and since the judge who tried the case is not required and cannot be compelled to settle the bill, after his term of office has expired, it is necessary to apply to this court for an order directing its settlement; and where no steps are taken within a reasonable time to secure the settlement of the bill of exceptions, the appeal will be dismissed upon motion of the respondent for failure to file the transcript within the time limited therefor.

MOTION in the Supreme Court to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the Court.

C. B. Younger, for the Motion.

J. F. Utter, and J. J. Scrivner, Contra.

THE COURT.—Motion to dismiss the appeal. The appellant was appointed special administratrix of the above estate

December 12, 1895, and on December 14, 1896, the superior court made an order revoking her letters of special administration. December 23, 1896, she appealed to this court from this order, and thereafter served upon the respondents a proposed bill of exceptions, to which amendments were proposed by them. She, declining to accept the proposed amendments, took steps for the purpose of procuring a settlement of the bill. Judge Logan, before whom the proceedings were had, and who was the judge of the superior court at the time the order appealed from was made, went out of office on the first day of January, 1897, and was succeeded by Judge Smith. Judge Logan refused to settle the bill, and Judge Smith held himself to be disqualified from acting in the matter, and, on the 9th of February, 1897, so informed the appellant's attorney, and suggested that he make some application to this court in the matter. Nothing further was done by the appellant in reference to procuring a settlement of the bill, and on August 17th the respondents gave notice of the present motion to dismiss the appeal for failure to file the transcript within forty days after it was taken.

It is the duty of the party seeking to avail himself of a bill of exceptions, for the purpose of obtaining a review of the action of the superior court, to take whatever steps may be necessary to procure its settlement. (Code Civ. Proc., sec. 650; *Klauber v. San Diego etc. Co.*, 98 Cal. 105.) After Judge Logan had ceased to be the judge of the superior court, he was not required nor could he be compelled to settle the bill (*Leach v. Aitken*, 91 Cal. 484), and it was thereupon the duty of the appellant to take such steps as are authorized by law for the purpose of securing its settlement. Section 653 of the Code of Civil Procedure, provides that: "If the judge or judicial officer before the bill of exceptions is settled dies, is removed from office, becomes disqualified, is absent from the state, or refuses to settle the bill of exceptions, it shall be settled and certified in such manner as the supreme court may by its order or rules direct." As no rule has been adopted by this court directing the manner in which the settlement shall be had, it was incumbent upon the appellant to make special application to this court for an order directing its settlement, and in that way

render his exceptions available upon the appeal. Such application should have been made promptly and within a reasonable time after she had been informed that Judge Logan refused to act. The policy of our law favors a speedy settlement of the estates of deceased persons, and it is in contravention of this policy for the appellant to allow more than six months to elapse without taking any steps looking toward the determination of her appeal. By the rules of this court an appellant is allowed forty days within which to file the transcript on appeal after the appeal is perfected and the bill of exceptions, if there be one, is settled. A neglect upon the part of the appellant for this period of time to take such steps as are within his power and incumbent upon him to take for the purpose of securing the settlement of the bill is equivalent to his failure to file the transcript within the time limited. If the appellant herein had taken steps to obtain a settlement of the bill of exceptions within forty days after the refusal of Judge Logan was communicated to her, any delay occasioned by the proceedings thereafter pertaining to its settlement would have been merely incident thereto, but her failure to take any such steps for more than six months after his refusal, and where no excuse for such delay is offered, authorizes the conclusion that she has abandoned the exceptions set forth in her bill.

The motion to dismiss the appeal is granted.