[S. F. No. 4343. In Bank.—July 31, 1905.]

EMELIE MOULTRIE, Administratrix, etc., Respondent, v. FELIPE TARPIO et al., Defendants; W. C. HOFF-MANN, Intervener, Appellant.

APPEAL—FAILURE TO FILE TRANSCRIPT—ABANDONMENT OF PROCEEDING TO SETTLE BILL OF EXCEPTIONS—WANT OF PROSECUTION—DISMISSAL. —A motion to dismiss an appeal for failure to file the transcript within the time limited and also for failure to prosecute the appeal with reasonable diligence will be granted on both grounds, where the fact is undisputed that the appellant had abandoned and forever lost all right to have a bill of exceptions settled and that no step has been taken for over a year and a half to prepare a record upon appeal. In such case it cannot be held that there is "a proceeding pending for a settlement of a bill of exceptions" within the meaning of rule II of this court.

MOTION to dismiss an appeal from an order of the Superior Court of Santa Cruz County refusing to vacate an order granting a writ of assistance. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles M. Cassin, and Benjamin K. Knight, for Appellant.

Mullany, Grant & Cushing, and Charles B. Younger, for Respondent.

ANGELLOTTI, J.—This is a motion made July 3, 1905, to dismiss an appeal from an order of the superior court of Santa Cruz County, made and entered on March 13, 1903, denying a motion of appellant to vacate an order theretofore made granting a writ of assistance. The appeal was perfected on March 16, 1903. The motion to dismiss the appeal was based on the ground that no transcript on appeal has been served or filed, although no stipulation or order had been made extending the time to serve and file the same, and on the further ground that appellant has failed and neglected to prosecute his appeal with due or any diligence.

Although duly served with notice of this motion, appellant did not appear on the hearing thereof, and has in no way opposed the granting of the same.

According to the undisputed showing made by respondent, appellant served his proposed bill of exceptions on plaintiff on August 10, 1903, and on October 24, 1903, respondent duly served on appellant her proposed amendments to said bill of exceptions. No stipulation or order has ever been made extending appellant's time within which to proceed with the settlement of said bill. Appellant has never presented said proposed bill or amendments to the judge who made the order appealed from, or to the clerk of the court for said judge, and has taken no step whatever looking to the settlement of said bill. In consequence of this non-action on his part, although more than a year and a half has elapsed since the service of the proposed amendments, no bill of exceptions has been settled.

It is provided by rule II of this court that the appellant in a civil action shall serve and file his printed transcript on appeal within forty days after the appeal is perfected, "provided, that when there is a proceeding pending for the settlement of a bill of exceptions or a statement which may be used in support of such appeal, the time for filing and serving the transcript shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed."

If it must be held that, under the circumstances above stated, a proceeding for the settlement of a bill of exceptions to be used on the appeal is still pending, it must follow that the time for filing the transcript has not, under the rule, commenced to run.

Section 650 of the Code of Civil Procedure, after providing for the service of the proposed bill on the adverse party, and the service of proposed amendments thereto on the appellant, provides: "The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge."

Compliance with this requirement is essential to the right of a party to have his bill of exceptions settled, and if he fails to so comply, his right is gone, unless he be relieved from the effect of such failure by the trial court under the provisions of section 473 of the Code of Civil Procedure, on account of "mistake, inadvertence, surprise, or excusable

neglect.'' The time within which such relief might be granted under the terms of said section—viz., six months—has long since passed. It is manifest, upon the undisputed showing made by respondent, that appellant's proceeding for a settlement of a bill of exceptions lapsed more than a year before the making of this motion, and could never be effectual for any purpose, and has practically been abandoned by appellant. The rule of this court quoted above contemplates a proceeding for a settlement that is alive, at least to the extent that it is being in some degree pressed by the appellant. Ordinarily, this court would not undertake to determine, on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal. But where, as here, the facts are not in dispute, and it is apparent that no bill can ever be settled, and that the appellant has long since practically abandoned his proceeding for the settlement of any such bill, we are satisfied that it should not be held that there is ''a proceeding pending for a settlement of a bill of exceptions'' within the meaning of the rule.

We are also of the opinion that upon the facts stated above the appeal should be dismissed for want of prosecution. As shown above, for more than a year and a half appellant has practically abandoned all proceedings looking to a prosecution of the appeal by failing to take any step towards preparing the record essential to a hearing thereon, and there can be no doubt of the inherent right of this court to dismiss an appeal under such circumstances.

The appeal is dismissed.

Shaw, J., McFarland, J., Lorigan, J., Van Dyke, J., and Beatty, C. J., concurred.