[S. F. No. 4673. In Bank.—May 13, 1907.]

## HENRY DERNHAM, Appellant, v. MARY C. BAGLEY, Respondent.

APPEAL—TIME TO FILE TRANSCRIPT—CONSTRUCTION OF RULE II—PROCEEDING PENDING FOR SETTLEMENT OF BILL OF EXCEPTIONS.—The provision of rule II of this court, that "when there is a proceeding pending for the settlement of a bill of exceptions or a statement which may be used in support of" the appeal, the forty days' time within which the transcript may be served and filed does not commence to run until the settled or authenticated statement or bill has been filed, includes any proceeding looking to the settlement of such a bill actually inaugurated by a party and pending undisposed of and not abandoned, regardless of all questions as to whether the proceeding can ultimately avail and the bill be legally settled. Such questions are primarily for the trial court to determine, subject to review by this court.

ID.—BILL OF EXCEPTIONS MUST BE FOR USE ON APPEAL.—In order to come within the operation of such rule, the proceeding pending in the lower court must be for the settlement of a bill or statement that may be used on the appeal, which in the case of an appeal from the judgment necessarily includes a bill for use thereon settled under the provisions of section 650 of the Code of Civil Procedure.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. John A. Hosmer, Judge.

The facts are stated in the opinion of the court.

Thomas, Gerstle, Frick & Beedy, for Appellant.

John Hubert Mee, for Respondent.

ANGELLOTTI, J.—This is a motion to dismiss an appeal taken by plaintiff from so much of the judgment given in the above-entitled cause as was in favor of the defendant. The ground of the motion is that plaintiff has not served and filed the printed transcript of the record on appeal within the time prescribed by rule II of this court. (144 Cal. xl, [78 Pac. vii].)

Several interesting questions have been ably argued by respective counsel, but we find it necessary to consider only one matter in disposing of the motion.

The appeal was duly perfected on April 2, 1906. At the time of the service and filing of the notice of this motion, September 11, 1906, and at the time of the hearing, October 1, 1906, no transcript of the record on appeal had been served or filed. There had been, in due time, a service and filing of a purported notice of intention to move for a new trial. It is claimed by defendant that this notice was so defective that it was ineffectual for any purpose. There had also been certain stipulations extending the time of plaintiff to serve a proposed bill of exceptions on motion for a new trial, and various orders of the court purporting to extend the time of plaintiff within which to serve his proposed bill of exceptions on appeal from the judgment and on motion for a new trial. Within the life of the last order, on September 1, 1906, plaintiff served on defendant his proposed bill of exceptions, on appeal from the judgment, and on motion for new trial. Defendant refused to admit service thereof, on the ground that so far as it was a bill of exceptions on appeal from the judgment, it was not served in time, and so far as it was a bill of exceptions on motion for a new trial, it could not be considered for the reason that no notice of plaintiff's intention to move for a new trial had been served or filed within the time allowed by law. On September 11, 1906, defendant obtained an order of the judge of the lower court, extending by thirty days from that date, her time within which  to propose amendments to said bill, and this time, it will be observed, had not expired at the date of the hearing of this motion. At that time, plaintiff's proceeding for the settlement of a bill of exceptions to be used on the appeal from the judgment, as well as upon the motion for a new trial, was pending undisposed of in the trial court, and no disposition had been made therein of his attempted proceeding to obtain a new trial.

By the express terms of rule II of this court, "when there is a proceeding pending for the settlement of a bill of exceptions or a statement which may be used in support of" the appeal, the forty days' time, within which the transcript may be served and filed, does not commence to run

until the settled or authenticated statement or bill of exceptions has been filed. It is not necessary to discuss the question as to the validity of the attempted notice of intention to move for a new trial, or the question as to the effect of its invalidity, if it be invalid, upon the right of plaintiff to have a bill of exceptions on motion for a new trial settled for use on the appeal from the judgment. We have, in this case, a proceeding still pending in the trial court for the settlement of a bill of exceptions for use on the appeal from the judgment. Defendant's claim on this motion, so far as such proceeding for settlement is concerned, is, simply, that the proposed bill of exceptions on appeal from the judgment was not served by plaintiff within the time allowed by law, or any stipulation of the parties, or valid order of court, and that, consequently, the court is without jurisdiction to settle the bill. We are satisfied, however, that the words "when there is a proceeding pending for the settlement of a bill of exceptions," etc., in the rule above referred to, must be held to include any proceeding looking to the settlement of such a bill actually inaugurated by a party and pending undisposed of and not abandoned, regardless of all questions as to whether the proceeding can ultimately avail and the bill be legally settled. Those questions are primarily for the trial court to determine, subject to review by this court. This was recognized in *Moultrie* v. *Tarpio,* 147 Cal. 376, [81 Pac. 1112], where it was said that, ordinarily, this court "would not undertake to determine on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal." It will readily be seen that this must be the proper rule of practice to be followed wherever a proceeding for the settlement of a bill of exceptions has actually been inaugurated by a party, and is pending undisposed of in the trial court, and the moving party is actively engaged thereunder in attempting to procure the settlement of his bill. It is well settled that the adverse party desiring to avail himself of such an objection must interpose it in the trial court,

or before the judge settling the bill, and that if no objection is there made the bill may be settled, and thereafter used on the appeal. (*Ryer* v. *Rio Land and Imp. Co.*, 147 Cal. 462, 464, [82 Pac. 62]; *Henry* v. *Merguire,* 106 Cal. 142, 146, [39 Pac. 599].) It may often happen that there is a dispute as to the facts upon which it is claimed that the bill was not served in time, and the determination of this question of fact is primarily for the trial tribunal, subject to review by this court, to the same extent only as is its determination upon other questions of fact. It is further settled that it is entirely within the power of the trial court, under section 473 of the Code of Civil Procedure, upon application in that behalf made within the proper time and upon sufficient showing of mistake, inadvertence, surprise or excusable neglect, to relieve a party from the effects of his mere failure to serve his proposed bill of exceptions within the prescribed time, where objection to the settlement is made on that ground, and thereupon settle the bill. (*Stonesifer* v. *Kilburn,* 94 Cal. 33 [29 Pac. 332]; *Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935]; *King* v. *Dugan,* 150 Cal. 258, [88 Pac. 925].) The question as to whether the facts are such as to warrant the relief in a case of this kind is primarily one for the trial court, and that court is vested with a large discretion in such matters. Obviously, this court should not deprive a party of the substantial right of making an application for relief, and having the same heard and determined by the trial court, which it would do if it dismissed the appeal under such circumstances. The proceeding must be, of course, for the settlement of a bill or statement that may be used on the appeal, which, in the case of an appeal from the judgment necessarily includes a bill for use thereon, settled under the provisions of section 650 of the Code of Civil Procedure. There being a proceeding pending in the lower court for the settlement of a bill of exceptions on the appeal from the judgment, the time for the filing of the transcript had not commenced to run at the date of the hearing of this motion. This is a complete answer to the motion to dismiss before us.

In what we have said we do not desire to be understood as intimating any opinion upon the question as to the validity of the notice of intention to move for a new trial.

The motion to dismiss the appeal from the judgment is denied.

Shaw, J., Sloss, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.