[S. F. No. 5080. In Bank.—December 31, 1908.]

D. A. CURTIN, Appellant, v. J. W. INGLE, Respondent.

New Trial—Settlement of Statement—Delivery to Clerk for Judge—Notice of Delivery.—Under section 650, and subdivision 3 of section 659, of the Code of Civil Procedure, a party moving for a new trial, who has presented his proposed statement and amendments thereto to the clerk of the court, for delivery to the judge for settlement, is not required to give the adverse party the five days' notice of delivery required to be given when such papers are presented directly to the judge.

Id.—Laches in Procuring Settlement—Remedy Primarily in Trial Court.—After a party moving for a new trial has presented his proposed statement and amendments to the clerk of the court for delivery to the judge for settlement, the question whether or not he has been guilty of laches in securing such settlement is primarily a matter for the trial court, and the appellate court should not be called upon originally to determine, on a motion to dismiss an appeal, whether an appellant has been derelict in securing with due diligence such settlement.

Id.—Dismissal of Appeal—Motion for New Trial on Minutes of Court.—While the appellate court has the inherent power to dismiss, on application therefor, an appeal where there has been a failure to proceed with proper diligence to procure settlement of the statement, which neglect is equivalent to a failure to file the transcript within the time limited by rule II of the supreme court, the proper practice is to require the respondent to avail himself of such objection in the lower court when the proceeding for the settlement of the statement is pending. This rule is applicable whether the motion for a new trial is made on the minutes of the court and disposed of before proceedings for the settlement of the statement on appeal, or the statement is settled in advance of the hearing of the motion.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco refusing a new trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, and S. W. Molkenbuhr, for Appellant.

Wal. J. Tuska, for Respondent.

LORIGAN, J.—Respondent moves to dismiss the appeal in this action.

On May 28, 1907, appellant served a notice of intention to move for a new trial in the above cause, the motion to be made on the minutes of the court, and in due time, on October 14, 1907, the motion was heard and denied, and on December 12, 1907, appellant appealed from the order denying the motion. On December 17, 1907, appellant served on respondent his proposed statement on appeal, to which respondent, without waiving certain objections to the proposed statement, proposed amendments thereto and served them on appellant on December 19, 1907: On January 6, 1908, appellant delivered the proposed statement, objections, and proposed amendments to the clerk of the superior court for delivery to the judge thereof who tried the cause, and the clerk thereupon delivered them to said judge. After their receipt by the judge no order was made by him fixing a time for the settlement of the statement prior to the filing of this motion to dismiss the appeal, nor was anything done prior thereto by the appellant with a view to causing a settlement of the statement to be made. After the making of this motion to dismiss, the appellant applied to the judge to fix a date for the settlement of the statement, which he did, and which settlement is still pending.

It is insisted by the respondent that the appeal should be dismissed for two reasons:   1. Because appellant failed to comply with the provisions of subdivision 3 of section 659 of the Code of Civil Procedure, in the delivery of the proposed statement and amendments to the clerk for the judge; that, therefore, the latter acquired no jurisdiction whatever to settle the statement; that no settlement can be had which

will be of any legal effect in support of the appeal of appellant; and, hence, it should be dismissed; and 2. That the failure of appellant to file his printed transcript on appeal within forty days after taking the appeal, or to do anything to procure the settlement of the statement on appeal within six months from January 6, 1908, is fatal to his appeal; is to be deemed an abandonment of it, and entitles respondent to a dismissal thereof.

The first proposition advanced by respondent is based upon what he insists is the proper construction to be given to subdivision 3 of section 659 of the Code of Civil Procedure, with reference to notice to be given the adverse party on presentation of the proposed statement and amendments for settlement.

That section provides that when proposed amendments are served on the moving party, "if not adopted, the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge." It then provides that the same proceedings shall be taken by the parties and clerk and judge for the settlement of the statement as are required by section 650 of the Code of Civil Procedure for the settlement of bills of exceptions. Section 650 provides that "when received by the clerk he must immediately deliver them to the judge . . . and when received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation."

The claim of appellant is that the necessary and logical interpretation of this provision with reference to the five days' notice is that it applies equally whether the proposed statement and amendments are presented directly to the judge for settlement, or are delivered to the clerk for the judge, and as the showing on this motion is that no notice of delivery to the clerk for the judge was given respondent by appellant, the judge acquired no jurisdiction to settle the statement, and that no effectual settlement of it, available to appellant for any purpose, can be made.

Counsel for respondent has cited us to no authority in support of his interpretation of the section as to the giving of notice. On the other hand, this court many years ago con-

strued the section expressly to the contrary. In *Mellor* v. *Crouch,* 76 Cal. 594, 596, [18 Pac. 685], this court was asked to interpret the section as respondent now urges it should be construed, but it was held in that case that the language used in the section was so plain as not to be susceptible to any such an interpretation. In that case, referring to sections 650, 659, as we have quoted them above, the court said: "The obvious purpose of these provisions is, that the parties may have notice of the time when the statement will be settled. When the statement and amendments are presented directly to the judge, there is no provision for any notice of the time of settlement to be thereafter given by either the judge or clerk; and in such case, therefore, the five days' notice mentioned in section 659 must be given by the party himself. But when the papers are delivered to the clerk for the judge, the purpose of the code is effected through the requirement that *then* the judge must designate a time for the settlement, and the clerk must give notice of it. The provision about the five days' notice in section 659 qualifies, we think, only the preceding clause of the sentence, and is not applicable to the case when the statement and amendments are delivered to the clerk for the judge." The cases of *Henry* v. *Merguire,* 106 Cal. 142, [39 Pac. 599], and *Witter* v. *Andrews,* 122 Cal. 1, [54 Pac. 276], cited by respondent, decide nothing to the contrary. Both these cases involved the sufficiency of notice where the statement was presented *directly* to the judge upon notice served upon the adverse party. Where so presented the statute expressly requires notice. When the statement and amendments are, however, delivered to the clerk for the judge, as held in *Mellor* v. *Crouch,* notice of such delivery is not required. So that as far as the first point urged by the respondent is concerned, it is without merit.

As to the second point urged by him, that the appeal should be dismissed on account of the failure of the appellant to take any steps to procure the settlement of his proposed statement within six months after the delivery of the proposed statement and amendments to the judge.

Rule II of this court requires that the appellant in a civil action shall serve and file the printed transcript on appeal within forty days after the appeal is perfected, "provided,

that when there is a proceeding pending for the settlement of a bill of exceptions or a statement which may be used in support of such appeal, the time for filing and serving the transcript shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed."

It is urged by the respondent, that this extension of time within which to file a transcript, after a settled or authenticated bill has been filed, is only available when the party has diligently proceeded with the settlement of such statement or bill, and where a party fails to use such diligence this court should, upon a showing to that effect, dismiss the appeal. But whether a party has been guilty of laches in that respect or not is primarily a matter for the trial court before whom the proceedings for the settlement of the statement on appeal is pending, and this court should not be called upon originally to determine, on a motion to dismiss an appeal, whether an appellant has been derelict in securing with due expedition such settlement. If, as contended for by respondent, the appellant has been guilty of such laches in proceeding with the settlement as would justify this court in saying that it amounts practically to an abandonment of his appeal, the same point can be urged in the trial court. When the settlement of the statement comes up for hearing there, the respondent may move the court to dismiss the proceedings for a settlement on account of the failure of appellant to proceed with reasonable diligence in procuring a settlement, or may object to the settlement on account of his failure to have done so. If his motion is denied, or his objections are overruled, he can have them incorporated into the record on appeal and have the action of the court reviewed here. (*Henry* v. *Merguire,* 106 Cal. 142, 146, [39 Pac. 599]; *Ryer* v. *Rio Land and Imp. Co.,* 147 Cal. 462, 464, [82 Pac. 62].) And we think this is the course that should be pursued.

Almost all of the cases cited by respondent in support of the motion to dismiss for laches are cases where the action of the trial court in settling statements, over objection of the respondents against such settlement on account of laches, was before this court on appeals directly involving the correctness of the rulings of the superior court in that respect, or were cases where appeals were dismissed for failure to present statements for settlement within the time allowed by

law. While it must be conceded that this court has the power to dismiss, on application therefor, an appeal where there has been a failure to proceed with proper diligence to procure settlement of the statement—a neglect which is equivalent to a failure to file the transcript within the time limited by the rule—it is deemed the better practice to require a respondent to avail himself of that objection in the lower court when the proceeding for the settlement of the statement is pending and where the disposition of it primarily belongs.

In *Moullrie* v. *Tarpio,* 147 Cal. 376, 378, [81 Pac. 1112, 1113], referring to the purpose and object of rule II of this court above quoted, it is said: "The rule of this court quoted above contemplates a proceeding for a settlement that is alive, at least to the extent that it is being in some degree pressed by the applicant. Ordinarily, this court would not undertake to determine, on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal."

Likewise, in *Dernham* v. *Bagley,* 151 Cal. 216, [90 Pac. 543], it is said: "We are satisfied, however, that the words 'when there is a proceeding pending for the settlement of a bill of exceptions,' etc., in the rule above referred to, must be held to include any proceeding looking to the settlement of such a bill actually inaugurated by a party and pending undisposed of and not abandoned, regardless of all questions as to whether the proceeding can ultimately avail and the bill be legally settled. Those questions are primarily for the trial court to determine, subject to review by this court. . . . It will readily be seen that this must be the proper rule of practice to be followed wherever a proceeding for the settlement of a bill of exceptions has actually been inaugurated by a party, and is pending undisposed of in the trial court, and the moving party is actively engaged thereunder in attempting to procure the settlement of his bill. It is well settled that the adverse party desiring to avail himself of such an objection must interpose it in the trial court or before the judge settling the bill, and that if no objection is there made the bill may be settled and thereafter used on the

appeal.  (*Ryer* v. *Rio Land and Imp. Co.*, 147 Cal. 462, 464, [82 Pac. 62]; *Henry* v. *Merguire,* 106 Cal. 142, 146, [39 Pac. 599].)

Nor as regards the application of this rule is it of any moment whether the motion for a new trial is made on the minutes of the court and disposed of before the statement on appeal is settled, or as is usually done, the statement settled in advance of the hearing of the motion.  In the latter case the failure of the party moving for a new trial to proceed diligently to settle his statement can be urged by his adversary and accepted by the court as a ground for dismissing or denying his motion for a new trial.  In the former that ground cannot be availed of because the motion for a new trial is disposed of before the statement is settled.  But this does not leave a respondent to a motion for a new trial on the minutes remediless.  He can still avail himself of the motion in the trial court to dismiss the proceedings for the settlement of a statement on the ground of laches, or object to the settlement on that ground.  If his motion is denied or his objection overruled, he can have the ruling of the court in doing so reviewed here on appeal, and we think this the proper practice to pursue.

The motion to dismiss is denied.

Angellotti, J., Sloss, J., and Henshaw, J., concurred.