[Civ. No. 1277.    First Appellate District.—November 21, 1913.]

# UNION COLLECTION COMPANY (a Corporation), Respondent, v. DEW R. OLIVER, Appellant.

APPEAL—TIME FOR FILING TRANSCRIPT—PENDENCY OF PROCEEDING— RULE OF SUPREME COURT.—A proceeding is pending for the settlement of a bill of exceptions, within the meaning of rule II of the supreme court relating to the time of filing the transcript on appeal from a judgment, where an appeal has been taken from an order relieving a party moving for a new trial from his omission to serve his notice of intention within the time prescribed by law, regardless of the ultimate success or failure of the proceeding.

CORPORATIONS—SALE OF STOCK—GUARANTY TO REFUND MONEY IN CASE OF DISSATISFACTION.—Where a guaranty is made to the purchaser of corporate stock to refund to him all moneys paid "in twelve months from date, in the event that you are not satisfied with your investment," an expression of dissatisfaction and a demand for the fulfillment of the guaranty may be made at any time during the life of the agreement, and are not premature if made before the last day of the life of the guaranty.

ID.—ASSIGNMENT OF GUARANTY—VALIDITY AND EFFECT.—An assignment of the guaranty by the obligee, prior to the last day fixed in the demand for refunding the money, is valid; it operates to authorize the assignee to collect the same when it becomes due and payable.

ID.—ASSIGNABILITY OF GUARANTY — RATIFICATION OF ASSIGNMENT.— Such a guaranty is assignable, and if it were not, its assignment could be ratified by the guarantor, with notice of the assignment,

agreeing with the assignee to pay an amount agreed to be due under the contract.

ID.—CONTRACT—WHETHER THAT OF CORPORATION OR OF ITS PRESIDENT. The fact that the guarantor in signing the contract adds the word "President" after his signature does not make the contract the obligation of the corporation of which he is president, nor does the use of the letterhead of the corporation carry any such presumption.

ID.—RETURN OF STOCK ON PAYMENT OF MONEY—JUDGMENT—APPEAL.— The failure to provide in the judgment, in an action on the guaranty for the return of the money, that the stock must be returned on payment of the judgment, cannot be objected to on appeal, where the complaint in the action contemplates that upon payment the stock shall be returned to the defendant, and he, neither in his answer nor in any other way, indicated that he was not satisfied to let the case go to trial and judgment resting on that assumption.

ID.—PLEADING—COMPLAINT EMBRACING TWO COUNTS—ONE COUNT DEFECTIVE.—Where a complaint embraces two counts, one of which states sufficient facts to constitute a cause of action, it is good as against a general demurrer, and an appellate court will not reverse a judgment for the plaintiff, even if the other count is defective; for the sake of upholding it, the judgment will be presumed to be based upon the count against which there is no valid objection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

Frank H. Gould, and Vincent Surr, for Appellant.

J. S. Reid, Charles W. Willard, and Rufus H. Kimball, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment in an action based on a written contract.

Preliminarily plaintiff insists that the transcript was not filed within the time prescribed by law, and that therefore there is no bill of exceptions or statement of the case that can be considered on this appeal.

Through an inadvertence the defendant failed to serve his notice of intention to move for a new trial (according to the claim of plaintiff) within the time limited therefor. Thereafter the trial court, upon notice and motion, made an order relieving the defendant from the consequences of his omis-

sion. From that order the plaintiff took an appeal to the supreme court, and that court reversed the same, holding that a motion for a new trial was collateral to the original action and in the nature of a new and independent proceeding to which the provisions of section 473 of the Code of Civil Procedure, were inapplicable (*Union Collection Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435].) Long prior to the reversal of said order and within sixty days after the judgment was made and entered, defendant served and filed notice of appeal therefrom, and on the same day also served his proposed bill of exceptions. Subsequently the plaintiff, reserving its objections to the bill, proposed amendments thereto, and the bill was in course of settlement in April, 1906, when it was destroyed by the great fire which occurred in San Francisco on the eighteenth day of that month. The shorthand notes of the evidence and proceedings, however, were not destroyed, and they were subsequently again transcribed, and ultimately the bill of exceptions was settled and allowed. Defendant did not file the transcript on appeal from the judgment sooner, depending upon rule II of the supreme court, [160 Cal. xlii, 119 Pac. ix], which in part provides "When a party appealing from a judgment has given notice of motion for a new trial before perfecting said appeal, the time aforesaid (i. e., for filing transcript) shall not begin to run until the motion for a new trial has been decided or the proceeding therefor dismissed." And the question presented is, Was there under the rule a proceeding pending for the settlement of a bill of exceptions?

There can be no doubt that there was. Whether or not such a proceeding was pending does not depend upon its ultimate success or failure (*Dernham* v. *Bagley,* 151 Cal. 216, [90. Pac. 543]; *Curtin* v. *Ingle,* 155 Cal. 56, [99 Pac. 480]; *White* v. *White,* 112 Cal. 580, [44 Pac. 1026].) The transcript on the appeal from the judgment was filed pending the decision of the motion for a new trial; and the fact that the motion was ultimately dismissed does not preclude the use of the bill of exceptions on the appeal from the judgment. (*Foley* v. *Foley,* 120 Cal. 37, [65 Am. St. Rep. 147, 52 Pac. 122]; *Kelly* v. *Ning Yung etc. Assoc.,* 138 Cal. 603, [72 Pac. 148].)

We pass now to a consideration of the appeal. The complaint is in two counts, and is based upon the following written instrument:

"San Francisco, Cal., July 3, 1902.

"MR. H. J. MILLER, City.

"Dear Sir: I hereby guarantee to refund all moneys paid by you for the purchase of Zubiate stock in twelve months from date, in the event that you are not satisfied with your investment.

"DEW R. OLIVER, President.

"Witness: J. R. KENNY."

The life of this guarantee was extended by the maker in writing until June 22, 1904. A few days prior to that time the following writing, dated June 3, 1904, was delivered to the defendant:

"MR. DEW R. OLIVER, San Francisco.

"I hereby notify you that I am not satisfied with my investment in Zubiate mining stock referred to in your letter dated July 3d, 1902, and I hereby exercise my right to demand that you comply with your guarantee of said date and that you pay to me not later than the 22d day of June, 1904, the sum of $3,000.00, the same being the amount of my investment in said stock, including assessment on same. At the time of the payment of said sum, I shall indorse and transfer the whole of said stock to you or to any person you may name.

"H. J. MILLER."

On June 21st, 1904, Miller assigned and transferred all his right, title, and interest under the contract and the indebtedness owing thereunder to the plaintiff.

Plaintiff also alleges that on the twenty-second day of June, 1904, an account was stated between plaintiff and defendant upon the aforesaid indebtedness, and upon such statement a balance of three thousand dollars was found to be due from the defendant to plaintiff, and that the defendant then and there promised to pay the same.

This action was commenced in July following. It was tried by a jury, which rendered a verdict against the defendant for the sum of $2,655, with interest, and judgment was rendered pursuant to the verdict.

23 Cal. App.—21

Defendant insists that the allegations of the complaint "preclude a cause of action." This contention is founded on a number of grounds. Answering the first of these, the defendant had a right to express his dissatisfaction, and make his demand for the fulfillment of the guarantee, at any time during the life of the contract (*Herberger* v. *Husman,* 90 Cal. 583, [27 Pac. 428]); and under a fair interpretation of the words of the contract "I . . . guarantee to refund . . . in twelve months from date" the defendant had until the expiration of that period, or any extension thereof, in which to comply with Miller's demand, which would give him until June 22d, 1904. The very language of the contract giving the defendant the whole of the period of the guaranty in which to make it good was equally effective in conferring upon Miller the right to make his demand at any time within that period; and we cannot agree with the contention of the defendant that Miller's demand was prematurely made, and therefore abortive, because made before the last day of the life of the guaranty.

The fact that the assignment by Miller to the plaintiff was made before the money was due is also immaterial. It operated to authorize the assignee to collect the same when it should become due and payable. Assignments of future interests are valid. (2 Am. & Eng. Ency. of Law, p. 1027; *Bank of Yolo* v. *Bank of Woodland,* 3 Cal. App. 561, 567, [86 Pac. 820]; *La Rue* v. *Groezinger,* 84 Cal. 281, 283, [18 Am. St. Rep. 179, 24 Pac. 42]; *Field* v. *Mayor of New York,* 6 N. Y. 179; [57 Am. Dec. 435]; *Dollar* v. *International Banking Corp.,* 13 Cal. App. 331, 338, [109 Pac. 499].)

Nor is there any merit in the argument of defendant that the contract was personal, and therefore unassignable. The contract does not provide that it shall not be assigned. Neither is it in its nature strictly personal, and therefore unassignable (2 Am. & Eng. Ency., pp. 1010, 1018; 4 Cyc. 22; *Taylor* v. *Black Diamond,* 86 Cal. 589, [25 Pac. 51].)

Even if the contract were not assignable, its transfer could be ratified (*Sharp* v. *Edgar,* 3 Sandf. (N. Y.) 381; 2 Am. & Eng. Ency. of Law, 1028); and this, according to the allegations of the first count of the complaint, was done; for it is there stated that the defendant, having notice of the assignment, agreed with the plaintiff on the 22d day of June,

1904, that the amount due under the contract was three thousand dollars, and agreed to pay to plaintiff that sum. This upon demurrer must be taken as true, and to establish a ratification of the assignment.

This disposes of the points made against the complaint. We may add, moreover, that as the complaint embraces two counts, one of which without any doubt states sufficient facts to constitute a cause of action, it is good as against a general demurrer, and we could not reverse the judgment even if the other count were defective (*Bernstein* v. *Downs,* 112 Cal. 204, [44 Pac. 557] ; *Terrill* v. *Terrill,* 109 Cal. 413, [43 Pac. 137]). For the sake of upholding it, the judgment will be presumed to be based upon the count against which there is no valid objection. (*Nielson* v. *Provident Sav. etc. Society,* 139 Cal. 339, [96 Am. St. Rep. 146, 73 Pac. 168].)

Defendant strenuously insists that he acted throughout the transaction only in the capacity of an officer of the Zubiate Mining Company, and that therefore the action did not lie against him.

The execution of the contract by the defendant by signing his name and adding thereafter the word "president" did not make the contract the obligation of the corporation. (*Bank* v. *Wallis,* 150 N. Y. 455, [44 N. E. 1038] ; *Gerding* v. *Funk,* 48 App. Div. 603, [64 N. Y. Supp. 423, 426] ; *Hall* v. *Jameson,* 151 Cal. 610, [121 Am. St. Rep. 137, 12 L. R. A. (N. S.) 1190, 91 Pac. 518].) Nor does the fact that the defendant used the letterhead of the corporation carry any presumption that the contract was made by the corporation. (*Menz Lumber Co.* v. *McNeeley & Co.,* 58 Wash. 223, [108 Pac. 621, 28 L. R. A. (N. S.) 1107] ; *Casco Nat. Bank* v. *Clark,* 139 N. Y. 312, [36 Am. St. Rep. 705, 34 N. E. 908].) The contract is in the first person singular, meaning the defendant; and in the three extensions of time the defendant signed his name without the addition of the word "president." Besides this, in settling the account with the plaintiff the defendant showed that he regarded the contract as his individual obligation. These circumstances, together with the evidence of Miller that the defendant gave him the contract as his personal guarantee, must be regarded as sufficient to support the verdict of the jury upon this point.

There is no merit in defendant's assertion that the judgment, in failing to provide that the stock must be returned upon payment of the judgment, has left one of the issues of the case undecided. There was no such issue in the case. When the demand was made upon the defendant for the amount claimed to be due under the guaranty a tender of the stock was made. Defendant refused to comply with the demand, and repudiated the whole transaction, whereupon Miller or his assignee became vested with a cause of action against Miller for the amount due. The complaint makes no reference to what shall be done with the stock, but contemplates that upon payment of the amount due under the contract the stock shall be delivered to the defendant, and that in the mean time the plaintiff shall be the bailee thereof. The defendant, neither in his answer nor in any other way indicated that he was not satisfied to let the case go to trial and judgment resting on that assumption; and he cannot now be heard to complain.

It is perfectly apparent that there was a consideration for the making of the contract, and that the evidence sustains the verdict of the jury that there was an account stated.

Other points have not been overlooked, but on examination they have been found to be without merit.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1914.