[Civ. No. 1520.   Second Appellate District.—April 17, 1914.]

R. M. BAKER, Appellant, v. EILERS MUSIC COMPANY, Respondent.

APPEAL—DELAY IN FILING TRANSCRIPT—EFFECT OF PENDENCY OF APPLICATION FOR NEW TRIAL.—A delay of fifteen months in filing the transcript does not warrant a dismissal of the appeal, if during that time there has been pending a motion for a new trial, and incidental thereto, the settlement of a proposed bill of exceptions.

MOTION to dismiss appeal from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, for Appellant.

Frank Bryant, for Respondent.

CONREY, P. J.—The only grounds presented which require discussion in ruling upon this motion to dismiss the appeal of plaintiff from the judgment are, that the appellant has failed to file any transcript within the time allowed by law, and has failed for fifteen months to prosecute the appeal.

The judgment was entered on October 18, 1912, and notice of appeal was filed in the office of the clerk of the superior court on December 16, 1912.   At all times from November 2, 1912, until March 5, 1914, there was pending a motion for a new trial of the action, and incidental thereto, the settlement of a proposed bill of exceptions.   On March 5, 1914, the court below disallowed the bill of exceptions and denied the motion for a new trial.

Rule II of this court, 160 Cal. xlii, [119 Pac. ix], after stating the general rule requiring that a transcript be served and filed by the appellant in a civil action within forty days after the appeal is perfected, says: "If a proceeding is pending for the settlement of a bill of exceptions or statement which may be used in support of such appeal, the time

aforesaid shall not begin to run until the settled and authenticated statement or a bill of exceptions has been filed.    When a party appealing from a judgment has given notice of motion for a new trial before perfecting said appeal, the time aforesaid shall not begin to run until the motion for a new trial has been decided, or the proceeding therefor dismissed.''

We need not take into consideration the reasons for the delay which occurred in the court below in the proceedings relating to the motion for a new trial.    The respondent has not shown by the record any facts establishing its claim that the appeal is not made in good faith, and we are deciding this matter without reference to the affidavit filed by appellant's attorney.    According to the plain language of the rule, as applied to the facts shown in the clerk's certificate filed herein, the time for filing the transcript did not begin to run until March 5, 1914.    We have examined the decisions referred to by respondent, which relate to motions to dismiss appeals on account of failure to file transcript, where it appeared that the appellant did not take steps within a reasonable time to secure the settlement of a bill of exceptions.    In those cases there was not pending any motion for a new trial, and the facts showing an unreasonable delay or practical abandonment of the proceedings for settlement of bill of exceptions were clearly apparent on the record.    The cases referred to are: *Depeaux* v. *Peck,* 118 Cal. 522, [50 Pac. 682] ; *Moultrie* v. *Tarpio,* 147 Cal. 376, [81 Pac. 1112].

The motion to dismiss the appeal is denied.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1914.