[Civ. No. 4476. Second Appellate District, Division One.—August 25, 1923.]

CAROL D. BROWN, Respondent, v. SILAS COBB et al., Appellants.

[1] APPEAL—SUBMISSION OF SETTLEMENT OF BILL OF EXCEPTIONS—ABSENCE OF MOTION TO DISMISS PROCEEDINGS—TIME FOR FILING TRANSCRIPT—DEFAULT—PRESUMPTION.—Where the question of the settlement of a bill of exceptions is held under submission by the trial court, without any refusal by the judge thereof to settle the bill, and no motion is made by respondent to dismiss the proceedings for the settlement of the bill, the presumption that appellant has been guilty of no inexcusable neglect in the matter applies, and the latter, therefore, is not in default with reference to filing his transcript on appeal.

MOTION to dismiss appeal from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Motion denied.

The facts are stated in the opinion of the court.

R. W. Richardson for Appellants.

Douglas L. Edmonds for Respondent.

HOUSER, J.—From the affidavit presented by respondent it appears that after a motion for new trial had been denied by the court, and on January 23, 1922, appellants gave notice that on January 24th a bill of exceptions would be presented to the court for settlement. On April 8th a *nunc pro tunc* minute order shows that the matter of settlement of such bill of exceptions was ordered submitted to the court as of date January 24, 1922. Between the said date of submission and April 18, 1922, various other notices in the cause were filed, including notice of appeal, notice to clerk to prepare transcript, notice of the court's denial of the motion for a new trial, and two notices that on two several dates, respectively, defendants would move the court for a settlement of the bill of exceptions, at each of which times the court already had the matter under submission.

The motion to dismiss the appeal is based upon the ground that no transcript has been filed in the district court of appeal and that there has been a lack of prosecution of the appeal.

By rule II of the supreme court rules (176 Pac. vii) it is provided that the transcript must be served and filed within forty days after the appeal is perfected, provided that "if a proceeding for the settlement of a bill of exceptions which may be used in support of such appeal is pending . . . the time aforesaid shall not begin to run until the settled and authenticated bill of exceptions has been filed, . . . " Rule VI (176 Pac. ix) provides, among other things, that "it shall be incumbent on the party moving to dismiss to show . . . that no proceeding for a bill of exceptions is pending in the trial court."

Certain authorities submitted by respondent (*Moultrie* v. *Tarpio,* 147 Cal. 376 [81 Pac. 1112]; *Estate of Johnston,* 14 Cal. App. 376 [112 Pac. 191]; *Harbaugh* v. *Lassen Irr. Co.,* 24 Cal. App. 773 [142 Pac. 847]; *Warren* v. *McGowan,* 7 Cal. Unrep. 190 [77 Pac. 909]) tend to establish his right to a dismissal; but they are all cases in which there was an apparent abandonment of the appeal and in none of which was there a submission of a bill of exceptions to the trial judge for settlement.

A case which in principle more nearly than any case cited by respondent applies to the facts in the instant case is that of *Depeaux* v. *Peck,* 118 Cal. 522 [50 Pac. 682], where it is held that it is the duty of the party seeking to avail himself of a bill of exceptions to take whatever steps may be necessary to provide for its settlement, including, in case of *refusal* by the trial judge to settle same, an application to the supreme court for an order that the bill of exceptions may be settled "in such manner as the supreme court may by its order or rules direct." That case, however, differs from the instant case in that in the Depeaux case the judge before whom the case was tried was no longer in office and his successor *refused* to settle a bill of exceptions; while here the judge before whom the case was tried has the matter still under submission and does not *refuse* to settle the bill of exceptions.

In the case entitled *Dernham* v. *Bagley,* 151 Cal. 216 [90 Pac. 543], it is held that the forty days' time within

which the transcript may be served and filed does not commence to run until the settled bill of exceptions has been filed, and that that portion of the rule to the effect that "if a proceeding for the settlement of a bill of exceptions which may be used in support of such appeal is pending," includes "any proceeding looking to the settlement of such a bill actually inaugurated by a party undisposed of and not abandoned, regardless of all questions as to whether the proceeding can ultimately avail and the bill be legally settled." It is further held that those questions are primarily for the trial court to determine, subject to review by the appellate court. The court said: "It is well settled that the adverse party desiring to avail himself of such an objection must interpose it in the trial court, or before the judge settling the bill, and that if no objection is there made the bill may be settled, and thereafter used on appeal (citing cases)."

In the case of *Moultrie* v. *Tarpio,* 147 Cal. 376 [81 Pac. 1112], it was said that the supreme court "would not undertake to determine, on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal."

In the case of *Curtin* v. *Ingle,* 155 Cal. 53 [99 Pac. 480], it is said that whether a party has been guilty of laches in the matter of the settlement of a statement on appeal "is primarily a matter for the trial court before whom the proceedings for the settlement of the statement on appeal is pending, and this court should not be called upon originally to determine, on a motion to dismiss an appeal, whether an appellant has been derelict in securing with due expedition such settlement. . . . When the settlement of the statement comes up for hearing there (in the lower court), the respondent may move the court to dismiss the proceedings for a settlement on account of the failure of appellant to proceed with reasonable diligence in procuring a settlement, or may object to the settlement on account of his failure to have done so. If his motion is denied, or his objections are overruled, he can have them incorporated into

the record on appeal and have the action of the court reviewed here. (Citing cases.) And we think this is the course that should be pursued.''

To the same effect see the following cases: *Curtin* v. *Ingle,* 9 Cal. App. 241 [98 Pac. 868]; *Union Collection Co.* v. *Oliver,* 23 Cal. App. 318 [137 Pac. 1082]; *Baker* v. *Eilers Music Co.,* 24 Cal. App. 348 [141 Pac. 395]; *Jannson* v. *National Steamship Co.,* 189 Cal. 187 [208 Pac. 90].

[1] Relying upon the foregoing authorities, it follows that in the circumstances here present, where the question of the settlement of the bill of exceptions is held under submission by the trial court, without any refusal by the judge thereof to settle the bill, and no motion having been made by respondent to dismiss the proceedings for the settlement of the bill, the presumption that appellant has been guilty of no inexcusable neglect in the matter must apply (*Curtin* v. *Ingle,* 9 Cal. App. 244 [98 Pac. 868]) and the appellant cannot be in default with reference to filing his transcript on appeal.

The motion to dismiss is denied.

Conrey, P. J., and Curtis, J., concurred.