[Civ. No. 1554.   Fourth Appellate District.—December 6, 1934.]

IDA F. WADSWORTH, Appellant, v. JUAN GONZALES et al., Respondents.

Charles E. Hobart and J. K. Lilly for Appellant.

Borton & Petrini, Osborn & Burum and Harry M. Conron for Respondents.

MARKS, J.—This is a motion to dismiss an appeal from a judgment and from an order denying motion for new trial. No bill of exceptions or clerk's or reporter's transcripts have been filed in this court.

A certificate of the county clerk of Kern County filed in support of the motion discloses the following facts: That

the action was brought for the recovery of damages suffered in an automobile accident; that on November 23, 1932, the jury returned a verdict in favor of defendants and judgment was entered on the verdict giving them their costs; that a motion for new trial was made; that notice of appeal was filed on February 14, 1933; that on March 30, 1934, the trial judge refused to sign the bill of exceptions on the ground that it did not comply with the provisions of the Code of Civil Procedure; that no proceedings are pending in the trial court for a transcript under the provisions of section 953a of the Code of Civil Procedure.

On November 9, 1934, plaintiff filed in this court her verified petition for a writ of mandate against the Superior Court of Kern County and the trial judge seeking to force the settlement of the bill of exceptions. This petition was denied without opinion under authority of *Derr* v. *Busick*, 63 Cal. App. 134 [218 Pac. 280].

In addition to the very meager facts set forth in the certificate of the county clerk we glean the following from the verified petition for the writ of mandate: That a proposed bill of exceptions was prepared and filed within the time allowed by law, order of the court and stipulation of the parties; that amendments to the proposed bill of exceptions were proposed by defendants; that hearings were had before the trial judge in an endeavor to settle the bill of exceptions on October 28, 1933, November 4, 1933, and February 24, 1934, on which last date the matter of settlement was continued to March 30, 1934; that on that date a motion was made by defendants to dismiss the proceedings for the settlement of the bill of exceptions which was denied by the trial judge at the same time that he refused to settle the proposed bill.

Rule I of the Rules for the Supreme Court and District Courts of Appeal provides in part as follows: "The appellant in a civil action shall, within forty days after an appeal is perfected, except as hereinafter stated or as otherwise provided by law, serve and file the printed transcript of the record duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken. If a proceeding for the settlement of a bill of exceptions which may be used in support of such appeal is pending or may still be instituted, the time afore-

said shall not begin to run until the settled and authenticated bill of exceptions has been filed, or the time in which a proceeding for such a bill of exceptions may be instituted has expired, or such proceeding, if instituted, has been dismissed by the trial court.''

A question similar to the one before us was considered by the Supreme Court in the case of *Dernham* v. *Bagley*, 151 Cal. 216 [90 Pac. 543], where it was said: ''We have, in this case, a proceeding still pending in the trial court for the settlement of a bill of exceptions for use on the appeal from the judgment. Defendant's claim on this motion, so far as such proceeding for settlement is concerned, is, simply, that the proposed bill of exceptions on appeal from the judgment was not served by plaintiff within the time allowed by law, or any stipulation of the parties, or valid order of court, and that, consequently, the court is without jurisdiction to settle the bill. We are satisfied, however, that the words 'when there is a proceeding pending for the settlement of a bill of exceptions', etc., in the rule above referred to, must be held to include any proceeding looking to the settlement of such a bill actually inaugurated by a party and pending undisposed of and not abandoned, regardless of all questions as to whether the proceeding can ultimately avail and the bill be legally settled. Those questions are primarily for the trial court to determine, subject to review by this court. This was recognized in *Moultrie* v. *Tarpio*, 147 Cal. 376 [81 Pac. 1112], where it was said that ordinarily this court 'would not undertake to determine on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal'. It will readily be seen that this must be the proper rule of practice to be followed wherever a proceeding for the settlement of a bill of exceptions has actually been inaugurated by a party, and is pending undisposed of in the trial court, and the moving party is actively engaged thereunder in attempting to procure the settlement of his bill. It is well settled that the adverse party desiring to avail himself of such an objection must interpose it in the trial court, or before the judge settling

the bill, and that if no objection is there made the bill may be settled, and thereafter used on the appeal.''

In *Curtin* v. *Ingle*, 155 Cal. 53 [99 Pac. 480, 481], the Supreme Court said: ''It is urged by the respondent, that this extension of time (provided in the rules of court) within which to file a transcript, after a settled or authenticated bill has been filed, is only available when the party has diligently proceeded with the settlement of such statement or bill, and where a party fails to use such diligence this court should, upon a showing to that effect, dismiss the appeal. But whether a party has been guilty of laches in that respect or not is primarily a matter for the trial court before whom the proceedings for the settlement of the statement on appeal is pending, and this court should not be called upon originally to determine, on a motion to dismiss an appeal, whether an appellant has been derelict in securing with due expedition such settlement. If, as contended for by respondent, the appellant has been guilty of such laches in proceeding with the settlement as would justify this court in saying that it amounts practically to an abandonment of his appeal, the same point can be urged in the trial court. When the settlement of the statement comes up .for hearing there, the respondent may move the court to dismiss the proceedings for a settlement on account of the failure of appellant to proceed with reasonable diligence in procuring a settlement, or may object to the settlement on account of his failure to have done so. If his motion is denied, or his objections are overruled, he can then have them incorporated into the record on appeal and have the action of the court reviewed here. (*Henry* v. *Merguire*, 106 Cal. 142, 146 [39 Pac. 599]; *Ryer* v. *Rio Land & Imp. Co.,* 147 Cal. 462, 464 [82 Pac. 62].) And we think this is the course that should be pursued.'' See, also, *Moultrie* v. *Tarpio*, 147 Cal. 376 [81 Pac. 1112], *Raisch Imp. Co.* v. *Arata*, 193 Cal. 573 [226 Pac. 399, 34 A. L. R. 51], *Curtin* v. *Ingle*, 9 Cal. App. 241 [98 Pac. 868], *Union Collection Co.* v. *Oliver*, 23 Cal. App. 318 [137 Pac. 1082], *Baker* v. *Eilers Music Co.*, 24 Cal. App. 348 [141 Pac. 395], and *Brown* v. *Cobb*, 63 Cal. App. 533 [219 Pac. 78].

In the instant case the trial judge should either settle the bill of exceptions or dismiss the proceedings to obtain one now pending in the court below.

Motion to dismiss the appeal is denied without prejudice to the making of another such motion at a future time and the right of the court to dismiss on its own motion or otherwise the attempted appeal from an unappealable order.

Barnard, P. J., and Jennings, J., concurred.