[Civ. No. 3841.   Second Appellate District, Division One.—April 3, 1923.]

## S. R. POE, Respondent, v. G. W. DONLEY, Appellant.

[1] BILL OF EXCEPTIONS—FAILURE TO PRESENT FOR SETTLEMENT—LOSS OF RIGHT.—A compliance with section 650 of the Code of Civil Procedure is essential to the right of a party to have his bill of exceptions settled, and if he fails to present the proposed bill and amendments thereto to the court, his right is gone.

APPEAL from an order of the Superior Court of Imperial County refusing to vacate order dismissing proposed bill of exceptions. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. Seymour for Appellant.

C. L. Brown for Respondent.

CURTIS, J.—This is an appeal from an order of the superior court of the county of Imperial refusing to vacate

a previous order of the same court dismissing defendant's proposed bill of exceptions. The bill of exceptions was prepared by the defendant, served upon plaintiff, and filed and presented to the judge on the twentieth day of October, 1919.

Defendant, appellant herein, claims that no amendment or amendments to this proposed bill of exceptions were ever served upon him by plaintiff, and that, therefore, he had performed all the acts required of him by law for the settlement of his bill of exceptions. He insists that it was the duty of the court to proceed with the settlement of the bill without any further action on his part, and that the court had no authority to dismiss the same. Plaintiff, on the other hand, claims that, by stipulations given to him by defendant, his time within which to prepare amendments to defendant's proposed bill of exceptions had been extended to January 10, 1920, and that within said time certain proposed amendments were prepared by him and served upon the defendant, and that no action to have said bill of exceptions settled by the court was thereafter taken by defendant. On October 14, 1921, over twenty-one months after the serving of said amendments upon defendant, plaintiff filed his motion to have the bill of exceptions dismissed. At the time the court made the order appealed from it had before it the affidavits of the parties, setting forth their respective claims as hereinbefore set out.

[1] It is evident from the ruling of the court that it found that plaintiff had served upon the defendant amendments to the proposed bill of exceptions, and that defendant had never presented to the court for settlement the proposed bill and amendments thereto. Upon this condition of the record the court ruled that the defendant had no right to have his bill of exceptions settled and dismissed the same. We think the court was right in its ruling. Section 650 of the Code of Civil Procedure provides that the party seeking the settlement of the bill of exceptions must, within ten days after the proposed amendments are served upon him, present to the judge who tried the case the proposed bill of exceptions and the proposed amendments thereto. No attempt was made by the defendant to comply with this section of the code. A compliance therewith is essential to the

right of a party to have his bill of exceptions settled, and if he fails to comply his right is gone. (*Moultrie* v. *Tarpio,* 147 Cal. 376 [81 Pac. 1112].)

The order is affirmed.

Conrey, P. J., and Houser, J., concurred.