[L. A. No. 18117. In Bank. June 9, 1942.]

FRAIN R. ANDERSON, Respondent, v. MARY M. ANDERSON, Appellant.

Marcus L. Roberts for Appellant.

Von Herzen & Woods, C. P. Von Herzen and Geo. C. Woods for Respondent.

CURTIS, J.—Motion to dismiss two appeals in the above entitled action. One of such appeals is from a judgment in partition of real property, and the other is an appeal from an order of the trial court confirming sales of real property subsequently made after entry of said judgment in partition. The grounds upon which the motion was based were that no printed transcript of the record on either appeal had been filed in this court within the time provided by the rules of this court. On a former hearing of said motion we ordered both appeals dismissed. We granted a rehearing of said motion to dismiss upon a further showing as to the proceedings taken before the trial court in respect to the settlement of the bills of exceptions to be used on said appeals. On the rehearing the court suggested that the attorneys prepare and file with this court a stipulation showing the true condition of the record of the proceedings taken in the trial court in respect to the preparation of said bills of exceptions. In accordance with this suggestion a stipulation has been filed which purports to set forth certain matters bearing upon the questions involved herein in addition to those contained in the original record upon which our former decision was rendered. In addition to the above there has been filed in this matter the original proceeding before the trial court in the settlement of each of said bills of exceptions.

From the above record now before us it appears that the appellant duly served and filed a proposed bill of exceptions to be used on each of said appeals, and the respondent duly served and filed amendments to each of said proposed bills, and thereafter the two bills of exceptions with their respective amendments came on for hearing before the court for settlement. At said hearing the trial court settled each of said bills and ordered the attorney for respondent to engross the same. The attorney for respondent complied with this order and on August 19, 1941, the trial judge signed the engrossed bill of exceptions on the appeal from the judgment of partition, but for some unaccountable reason did not sign the engrossed bill on the appeal from the order confirming

the sale of property and said engrossed bill of exceptions has never been signed.

THE APPEAL FROM THE JUDGMENT OF PARTITION.

 Appellant, by the affidavit of her attorney filed in this court at the hearing of said motion, states that there never had been any hearing set, notice given, or hearing held to settle said bill of exceptions on the appeal from the judgment of partition, and that in the absence of appellant and her attorney, and without notice to either of them, the trial court undertook to settle said bill of exceptions. It does not appear by said affidavit or otherwise that appellant had instituted any proceedings in the trial court under section 473 of the Code of Civil Procedure, or under any other provision of law, to set aside or vacate the order of the trial court settling said bill of exceptions, or had made any attempt in the trial court to correct, modify or amend said engrossed bill of exceptions. Had appellant any legal grounds to set aside or modify said engrossed bill of exceptions, application to that end should have been first made to the trial court, and in the event of the refusal of that court to grant the relief sought, its action upon said application would have been subject to review by this court. In *Moultrie* v. *Tarpio,* 147 Cal. 376 [81 Pac. 1112], it is stated at p. 378: "Ordinarily, this court would not undertake to determine, on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to review on appeal." That case is cited by this court in the case of *Dernham* v. *Bagley,* 151 Cal. 216, 218 [90 Pac. 543], where the language set out above is quoted and approved.

Moreover, counsel for appellant admits that on September 10th he learned that said engrossed bill had been signed and filed on August 19, 1941. He then had nineteen days in which to have the bill of exceptions printed and filed in this court if he intended to prosecute his appeal or institute a proceeding to have the bill of exceptions corrected if he did not consider the one signed by the judge to be a true and correct bill of exceptions. In fact, counsel for appellant knew as early as August 4, 1941, that counsel for respondent had presented an engrossed bill of exceptions to the trial judge, as he was

served with a copy of such engrossed bill on that date. The record does not disclose any action on his part to have the engrossed bill corrected if it was not satisfactory to him or to prevent the trial judge from signing it.

As the engrossed bill of exceptions on the appeal from the judgment of partition was properly signed by the trial judge and filed in the trial court, and no printed transcript of the record has been filed with the clerk of this court within the time provided by the rules of this court, the motion to dismiss the appeal from the judgment of partition on the grounds stated should be granted.

### THE APPEAL FROM THE ORDER CONFIRMING SALE BY REFEREE OF PORTION OF PROPERTY PARTITIONED.

While the record appears to show that the court settled a bill of exceptions to be used on this appeal and ordered the attorney for the respondent to engross the same, which order was duly performed by said attorney, we find no such bill of exceptions signed by the trial judge in the record before us. As the appellant's time within which to file a printed transcript in this court, on an appeal from a judgment or order of the trial court, does not begin to run until such an engrossed bill of exceptions signed by the trial judge is filed in the trial court, appellant is not in default in filing said transcript in this court. The motion to dismiss the appeal from the order confirming the sale of real property is not well founded.

The motion to dismiss the appeal from the judgment of partition is granted. The motion to dismiss the appeal from the order confirming sale of real property is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Appellant's petition for a rehearing was denied July 6, 1942.